S94A0593. GRIFFIN v. THE STATE.
(443 SE2d 612)

HUNT, Chief Justice.

The issue in this appeal is whether Griffin's previous trial, terminated by mistrial when the jury could not agree on a verdict, amounted to former jeopardy so as to bar a retrial. We disagree with Griffin's contention that it did and affirm the trial court's denial of

---

his plea of former jeopardy.

Griffin was indicted for the murder of Jenny Rhames. The trial began on August 11, 1992, and the jury began its deliberations on August 13 at 3:40 in the afternoon. At 6:55 on that same day the jury sent a message to the trial judge, informing him that they had been unable to reach a unanimous verdict. After recalling the jury to the box, the trial judge charged the jury as to its oath and obligation to reach a verdict with what is usually referred to as an *Allen* charge, and the jury returned to the jury room at 7:00. At 7:30, the jury recessed to eat; they resumed their deliberations at 8:30. At 9:45 the jury returned to the box, reporting that they remained deadlocked. After questioning the foreman as to the likelihood that a unanimous verdict would be reached, the judge sent the jury out again. At 10:05 the jury returned to the courtroom once again still deadlocked. When asked if he thought it would do any good to bring the jury back the next day, the foreman told the judge that the consensus of the jury was that they were "hopelessly deadlocked." At this point, the trial judge declared a mistrial.

Griffin maintains that the trial court erred in terminating his trial, over defense objection, because there was no manifest necessity for declaring a mistrial.

> Retrial of a criminal defendant after a mistrial caused by the inability of a jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. [Cits.] Where the jury is hopelessly deadlocked, this constitutes manifest necessity. [Cits.] The determination as to whether the jury is in fact hopelessly deadlocked is a matter "somewhat in the discretion" of the trial court. [Cits.]

*Glass v. State*, 250 Ga. 736, 738 (300 SE2d 812) (1983). Further, "[t]he decisive factor is not the length of deliberation but the inability of the jury to agree on a verdict." *Phillips v. State*, 238 Ga. 632, 634 (235 SE2d 12) (1977). The record does not indicate that the trial court abused its discretion in ruling that the jury was hopelessly deadlocked and declaring a mistrial.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1994.

*Neil L. Heimanson*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney, Michael J. Bowers, Attorney General*, for ap-

pellee.