## A01A0813. BAIR v. THE STATE.
### (551 SE2d 84)

POPE, Presiding Judge.

Verna Bair appeals following the trial court's denial of her plea of former jeopardy. Because we find, under the facts of this case, that the trial court erred in failing to grant Bair's request to accept the jury's unanimous verdict on three counts of a seven-count accusation where the jury was hung on the remaining counts, we reverse the denial of Bair's plea as to the three decided counts.

The record reflects that the accusation filed against Bair asserted one count each of (1) obstruction of an officer; (2) simple battery; (3) fleeing/eluding a police officer; (4) reckless driving; (5) license to be carried and exhibited on demand; (6) speeding and (7) improper stopping/standing/parking. The matter proceeded to a jury trial. After the presentation of evidence, the jury announced that it had reached a unanimous verdict on three counts of the accusation but was deadlocked on the remaining four counts. The trial court directed the jury to continue their deliberations and attempt to resolve the remaining four counts. When the jury was unable to break the deadlock on the remaining counts, Bair's counsel requested that the trial court receive the verdicts on the counts as to which the jury was unanimous. The state objected, and the trial court entered a mistrial on all seven counts.[1]

At no time did the trial court ask the jury to identify the counts it had decided and the counts as to which it was deadlocked. Nevertheless, the record contains the completed verdict forms, signed by the foreperson, indicating that the jury had found Bair not guilty on the charges of simple battery, license to be carried and exhibited on demand and speeding. The forms are blank as to the four remaining charges.

We find that jeopardy attached when the jury was seated and sworn and that Bair was entitled to receive any verdict reached by that jury. Further, unless manifest necessity existed for granting a mistrial as to the counts decided by the jury, double jeopardy bars any retrial on those counts. *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994). The state bears the "heavy" burden of showing such manifest necessity where, as here, a mistrial is granted over the defendant's objection. *Arizona v. Washington*, 434 U. S. 497, 505 (98 SC 824, 54 LE2d 717) (1978); *Tieu v. State*, 257 Ga. 281, 285 (358 SE2d 247) (1987).

Additionally, a mistrial is appropriate under only limited, urgent

---

[1] While the record in this case does not contain a trial transcript, the transcript on Bair's plea of former jeopardy reflects agreement among the parties and the trial court as to these underlying facts.

circumstances, and it is incumbent upon the trial court to consider less drastic alternatives before concluding that a mistrial is warranted:

> A manifest necessity to declare a mistrial may exist "under urgent circumstances," *United States v. Perez*, 22 U. S. 576 (6 LE 165) (1824), such as where "an impartial verdict cannot be reached, or (where) a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial," *Illinois v. Somerville*, 410 U. S. 458, 464 (93 SC 1066, 35 LE2d 425) (1973). Because of " 'the severe consequences of ordering a mistrial without the accused's consent,' (cit.)," *Cherry v. State Bd. of Corrections*, 613 F2d 1262, 1266 (5th Cir. 1980), a trial court should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives, calling for a recess if necessary and feasible to guard against hasty mistakes, see id.

*Smith v. State*, 263 Ga. at 783 (1). Thus, in determining whether such urgent circumstances exist, the trial court "must scrupulously exercise its discretion in 'weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into [account] all the surrounding circumstances.' [Cits.]" *Jefferson v. State*, 224 Ga. App. 8, 9 (479 SE2d 406) (1996).

Here, the state has failed to show any manifest necessity for granting a mistrial on the three counts decided by the jury.[2] And it appears that the trial court could easily have followed the less drastic alternative of accepting the jury's verdict on the decided counts and declaring a mistrial only on the four undecided counts. Under these circumstances, we find that the trial court abused its discretion in granting a mistrial on the three decided counts and a retrial on those counts is barred under the Double Jeopardy Clause. See *Jefferson v. State*, 224 Ga. App. at 10; OCGA § 16-1-8 (a) (1).

To hold otherwise would require Bair to face a second prosecution on crimes of which she has already been acquitted. "There is no acceptable reason why the state should have a second opportunity to convince a jury of facts necessary to secure a conviction of a crime. Indeed, one of the purposes of the Double Jeopardy Clause is to pre-

---

[2] For example, unlike *Williams v. State*, 173 Ga. App. 207 (325 SE2d 783) (1984), upon which the state relies, there was no indication that the jury's verdict was somehow incomplete as to the counts decided. See id. at 210-211 (Beasley, J., concurring specially).

vent the state from having such a second chance." *Wallace v. Havener*, 552 F2d 721, 724 (6th Cir. 1977).

Accordingly, we reverse the trial court's denial of Bair's plea of former jeopardy as to the counts of simple battery, license to be carried and exhibited on demand and speeding but affirm the denial as to the remaining four counts.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JUNE 27, 2001.

*Dwight L. Thomas, Jo Ann C. Fields, Caprice J. Small*, for appellant.

*Joseph J. Drolet, Solicitor-General, Marko L. Burgar, Gerald Mason, Assistant Solicitors-General*, for appellee.

