## A02A0857. JOHNSON v. THE STATE.
(569 SE2d 625)

ELLINGTON, Judge.

Scott Johnson appeals following the trial court's denial of his plea in bar on double jeopardy grounds. The City Court of Atlanta tried Johnson on four counts: driving under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1); driving on the wrong side of the road, OCGA § 40-6-40; disobeying a traffic control device, OCGA § 40-6-20; and reckless driving, OCGA § 40-6-390. The trial court granted a mistrial as to all four counts after the jury, having reached a decision on the wrong side, traffic control device, and reckless driving counts, deadlocked on the DUI charge. Johnson contends that the trial court erred in failing to grant his request to accept the jury's unanimous verdict on three counts of a four-count accusation where the jury was hung on the remaining count. Johnson further contends the trial court abused its discretion in granting the State's motion for mistrial as to the undecided count. For the reasons which follow, we reverse the denial of Johnson's plea as to the three decided counts and affirm as to the undecided count.

The record reflects that after the presentation of evidence, the jury announced that it had reached a unanimous verdict on three

---

[12] See *Smith*, supra at 585.
[13] See id. at 585-586.
[14] See id.

counts of the accusation but was deadlocked on the DUI count. The trial court directed the jury to continue their deliberations and attempt to resolve the remaining count. After further deliberations, the jury again informed the trial court that it was deadlocked as to the DUI count. The trial court read the *Allen*[1] charge to the jury. After further deliberations, the jury informed the trial court a third time that it was deadlocked as to the DUI count and that the vote had not changed. When the State moved for a mistrial, Johnson's counsel requested that the trial court receive the verdicts on the three counts as to which the jury had reached unanimous agreement, and the State concurred. The trial court noted that the presentation of the evidence had lasted about one hour and forty minutes and that the jury had deliberated for three hours and twenty minutes, including forty minutes after the *Allen* charge. The trial court entered a mistrial on all four counts and later denied Johnson's motion to dismiss based on his plea of former jeopardy.

> Once [a defendant's] jury [is] impaneled and sworn, jeopardy attache[s], and he [is] entitled to be acquitted or convicted by that jury. If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a manifest necessity for the mistrial. . . . A manifest necessity to declare a mistrial may exist under urgent circumstances, such as where an impartial verdict cannot be reached. . . . Because of the severe consequences of ordering a mistrial without the accused's consent, a trial court should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives.

(Citations and punctuation omitted.) *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994). See Ga. Const. of 1983, Art. I, Sec. I, Par. XVII; OCGA § 16-1-8 (a). "The state bears the heavy burden of showing such manifest necessity where, as here, a mistrial is granted over the defendant's objection." (Citations and punctuation omitted.) *Bair v. State*, 250 Ga. App. 226 (551 SE2d 84) (2001). "It is also within the trial court's discretion to determine whether a jury is hopelessly deadlocked, thus necessitating a mistrial. The decisive factor is not the length of the deliberation, but the inability of the jury to agree on a verdict." (Punctuation and footnotes omitted.) *Ramos v. State*, 252 Ga. App. 106, 108 (2) (555 SE2d 779) (2001). See OCGA § 16-1-8 (e) (2) (C). "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citation and punctuation omitted.) *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

1. Johnson contends the trial court erred in refusing his request to accept the jury's verdict on the three counts as to which they had reached a unanimous decision. We agree. Under the clear holding in *Bair v. State*, Johnson was entitled to receive any unanimous verdict reached by the jury impaneled and sworn to hear the charges against him. 250 Ga. App. at 226. In this case, the State concurred in Johnson's request to receive the jury's verdict on the three decided counts. Cf. id. (State objected to defendant's request that the trial court receive the verdicts on counts decided by the jury). Because the trial court "could easily have followed the less drastic alternative of accepting the jury's verdict on the decided counts and declaring a mistrial only on the . . . undecided count[ ]," we find that no manifest necessity existed for granting a mistrial as to the counts decided by the jury. Id. at 227. Cf. *Williams v. State*, 173 Ga. App. 207, 210-211 (325 SE2d 783) (1984) (physical precedent only) (Beasley, J., concurring specially) (manifest necessity shown where the jury's verdict was possibly premature or incomplete as to the decided counts). Accordingly, the trial court abused its discretion in granting a mistrial on the charges of driving on the wrong side of the road, disobeying a traffic control device, and reckless driving; consequently, "a retrial on those counts is barred under the Double Jeopardy Clause." (Citations omitted.) *Bair v. State*, 250 Ga. App. at 227.

2. Johnson contends the trial court abused its discretion in granting a mistrial as to the DUI count. Based on the relative brevity of the trial and simplicity of the issues, the length of the deliberations, and the measures taken by the trial court to evaluate the jury's stated inability to agree on a verdict (including the giving of the *Allen* charge), we hold the trial court did not abuse its discretion in declaring a mistrial on the basis of manifest necessity as to the DUI charge. *Griffin v. State*, 264 Ga. 232, 233 (443 SE2d 612) (1994) (denial of plea in bar affirmed where mistrial declared in murder trial after less than six hours deliberation; jury deliberated after *Allen* charge and declared itself "hopelessly deadlocked"); *Wood v. State*, 234 Ga. 758, 759 (1) (218 SE2d 47) (1975) (denial of plea in bar affirmed where mistrial declared in rape trial after eleven hours deliberation; after polling jurors individually, trial court determined further deliberations would be "fruitless"); *Ramos v. State*, 252 Ga. App. at 108 (2) (denial of plea in bar affirmed where mistrial declared on simple DUI charge after three hours deliberation, including thirty minutes after *Allen* charge; jury indicated further deliberations would be "fruitless"). The State may retry Johnson on the DUI charge.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 26, 2002.

*Chestney-Hawkins Law Firm, Sherry B. Lantz, Marny J. Heit*, for appellant.
*Joseph J. Drolet, Solicitor-General, Felicia N. McKibben, Assistant Solicitor-General*, for appellee.