A05A2028. RHODES v. THE STATE.
(624 SE2d 268)

BARNES, Judge.

Stuart Rhodes appeals the trial court's denial of his motion for discharge and acquittal following the court's declaration of a mistrial after the jury announced it was deadlocked on one of five charges. For the reasons that follow, we affirm the trial court.

Rhodes was charged with driving under the influence (DUI), endangering a child while DUI, following too closely, failing to use safety restraints on a minor, and violating the open container law. The State presented two witnesses: the arresting officer and a backup officer. The transcript of their testimony, including numerous objections and bench conferences, covers a total of 74 pages. The jury retired to begin deliberations at 9:50 a.m. on the second day of trial. After a lunch break, the jury returned to the courtroom at 1:30 p.m. and reported to the court that it had reached unanimous verdicts on three of the five counts. After receiving additional jury charges, the jury retired at 1:40 p.m. for further deliberation.

The jury returned to the courtroom at 2:25 p.m. and reported that it was still deadlocked at five to one on two counts, the charge of DUI and the charge of endangering a child while DUI. The trial court gave the *Allen* charge, and the jury again retired to deliberate at 2:30 p.m. Shortly before 4:00 p.m. the jury sent a note to the trial court indicating that it had reached a verdict on the charge of endangering

a child while DUI, but was deadlocked on the DUI charge. The court brought the jury out and the following exchange took place with the foreperson,

> THE COURT: Do you feel at this time that deadlock [on the remaining charge] is insurmountable? Or are you still making any progress on that?
> THE FOREPERSON: I would say at this point it is insurmountable.
> THE COURT: Do you see any sense in any further deliberations?
> THE FOREPERSON: I don't at this time, no.

Over Rhodes' objection, the court then declared a mistrial as to the DUI count, and accepted the jury's verdict on counts two through five. The jury found Rhodes guilty of endangering a child while DUI, following too closely, and violating the open container law, and not guilty of failing to use safety restraints on a minor.

Rhodes subsequently filed a motion for discharge and acquittal of the remaining DUI charge, arguing that no manifest necessity required the trial court to grant the mistrial without allowing the jury further time to deliberate. Thus, he asserted, the State was barred from trying him for DUI on double jeopardy grounds. The trial court denied the motion, and this appeal ensued.

"Retrial of a criminal defendant after a mistrial caused by the inability of a jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial. Where the jury is hopelessly deadlocked, this constitutes manifest necessity." (Citation and punctuation omitted.) *Griffin v. State*, 264 Ga. 232, 233 (443 SE2d 612) (1994). The trial court exercises its discretion in determining whether a jury is "hopelessly deadlocked," and thus declaring a mistrial. "The decisive factor is not the length of the deliberation, but the inability of the jury to agree on a verdict." *Ramos v. State*, 252 Ga. App. 106, 108 (2) (555 SE2d 779) (2001).

This trial was not complicated. The evidence consisted of the testimony of only two witnesses, whose testimony was not lengthy. Because Rhodes declined to take a breath or blood test, no scientific reports were in evidence. The issue boiled down to whether the jury believed that the arresting officer was correct in determining that Rhodes was driving under the influence, based on the officer's testimony about the arrest. The jury twice announced it was deadlocked. The record in this case does not indicate that the trial court abused its discretion in ruling that the jury was hopelessly deadlocked and declaring a mistrial. Thus, the trial court did not err in denying Rhodes' motion for discharge and acquittal.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 6, 2005.

*Head, Thomas, Webb & Willis, Peter M. Zeliff*, for appellant.
*Steven L. Harris, Solicitor-General, Joseph B. Myers, Jr., Jamie K. Inagawa, Assistant Solicitors-General*, for appellee.