## 68758. RIELLI v. OLIVER.

CARLEY, Judge.

Appellant filed a plea of double jeopardy as to certain criminal charges which were pending against him. The appellee-trial judge denied appellant's plea of double jeopardy, specifically finding in his order that the plea was frivolous and dilatory. Appellant filed a direct appeal to this court from the order denying his plea. After appellant's notice of appeal had been filed, the appellee-trial judge refused to continue appellant's trial and ordered that the trial be held on the date originally scheduled. Appellant then filed in the trial court a petition seeking a writ of prohibition as against being brought to trial before appellee-trial judge on the originally scheduled date. Appellant's petition for prohibition was appropriately heard by a judge other than appellee-trial judge. See *Graham v. Cavender*, 252 Ga. 123 (311 SE2d 832) (1984). The prayers of the petition for prohibition were denied. Appellant has requested and this court has granted an expedited review of the order denying the writ of prohibition.

Appellant asserts that his pending direct appeal from the denial of his plea of double jeopardy serves as supersedeas and, pending final resolution of that appeal, the trial court and appellee-trial judge have been ousted from jurisdiction in the case. It is indeed true that the denial of appellant's plea of double jeopardy is directly appealable. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). However,

unlike the order in *Patterson*, the order of the appellee-trial judge denying appellant's plea in the instant case contains the specific determination that the plea is frivolous and dilatory. In United States v. Dunbar, 611 F2d 985 (1980), the Fifth Circuit Court of Appeals, relying upon Abney v. United States, 431 U. S. 651 (97 SC 2034, 52 LE2d 651) (1977), held that if the plea of double jeopardy "is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the [trial] court of jurisdiction over the case." We adopt the rationale of Dunbar. Accordingly, the jurisdiction of appellee-trial judge over appellant's case was not divested by the filing of the notice of appeal from the denial of the plea of double jeopardy.

A writ of prohibition "is available only where there is lack of jurisdiction of the subject matter, or where the act complained of was in excess of the jurisdiction of the court or tribunal . . ." *Byrd v. McLucas*, 194 Ga. 40, 42 (20 SE2d 597) (1942). "Prohibition is a writ to prevent a tribunal possessing judicial powers from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance. [Cit.]" *Jackson v. Calhoun*, 156 Ga. 756, 759 (120 SE 114) (1923). For the reasons discussed above, appellee-trial judge was not ousted from jurisdiction to conduct appellant's trial by virtue of the filing of the notice of appeal from the denial of the plea of double jeopardy. It necessarily follows that the prayers of the petition for prohibition which sought to prevent the exercise of that jurisdiction were correctly denied. Appellant's trial may proceed during the pendency of the appeal from the denial of his plea of double jeopardy, which appeal will be heard and determined by this court according to the procedure generally applicable to direct appeals.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 16, 1984.

G. Terry Jackson, J. Robert Sparks, for appellant.
Spencer Lawton, Jr., District Attorney, for appellee.