### 69868. WATERS v. THE STATE.
(330 SE2d 177)

McMurray, Presiding Judge.

Defendant was tried by a jury pursuant to an indictment which charged him with four separate counts of "homicide by vehicle" (see OCGA § 40-6-393 (a)) and one count of habitual violator. See OCGA § 40-5-58. The jury found the defendant guilty of the habitual violator charge. However, the jury was unable to reach a verdict upon the four separate counts of "homicide by vehicle" and a mistrial was declared with regard to those charges. Defendant was sentenced to serve five years in the penitentiary for the habitual violator conviction.

Thereafter, via a second indictment, defendant was charged with three separate counts of homicide by vehicle in the first degree and one count of homicide by vehicle in the first degree by an habitual violator. See OCGA § 40-6-393 (c). Defendant attacked the second indictment by raising a plea of former jeopardy. The plea was denied by the trial court and on June 6, 1984, defendant filed his notice of appeal from the trial court's denial of his plea of former jeopardy. Three weeks later, the State filed a petition seeking a nolle prosequi of the second indictment. The petition stated in part: "After a careful review of the statutory and case law, we agree [with defendant] that the later indictment may in fact constitute double jeopardy due to defendant's earlier conviction for the Habitual Violator offense. The State of Georgia still intends to bring defendant to trial on the four counts of Homicide by Vehicle contained in [the first indictment]."

The trial court granted the State's petition by an order which was entered on June 28, 1984. The court's order read as follows: "It appearing to the Court that the allegations contained in Indictment No. 12922 [the second indictment] contain charges for which defendant has already been placed in jeopardy of life or liberty . . . . It is the order of the Court that this indictment No. 12922 is hereby Nolle Prosequi without any effect on indictment No. 12884 [the first indictment]." Following the entry of this order, defendant filed a second

notice of appeal. *Held*:

1. Defendant contends the trial court was without jurisdiction to entertain the State's nolle prosequi petition after the notice of appeal from the court's former jeopardy ruling had been filed. We disagree.

We recognize that a notice of appeal serves as a supersedeas in a criminal case where a sentence of death has been imposed or where the defendant is admitted to bail. OCGA § 5-6-45. The mere filing of a notice of appeal, however, does not divest the trial court of complete jurisdiction of the case. *Allied Productions v. Peterson*, 233 Ga. 266, 267 (211 SE2d 123). In a criminal case, the filing of a notice of appeal merely deprives the trial court of its "power to execute the sentence." *Riggins v. State*, 134 Ga. App. 941, 944 (216 SE2d 723). The legislature did not intend for a supersedeas to deprive the trial court of its power to revoke a bail bond pending appeal. *Riggins v. State*, supra. Likewise, we do not believe it was the intent of the legislature, in enacting OCGA § 5-6-45, to deprive the trial court of its power to grant a nolle prosequi of a subsequent indictment after the filing of a notice of appeal from an order denying a plea of former jeopardy. Accordingly, we hold that the trial court was not without jurisdiction to entertain the State's petition for a nolle prosequi of the second indictment.

If we were to hold otherwise, we would be engaging in an exercise in judicial futility. A ruling favorable to the defendant on this ground and a reversal by this court ultimately would be of no benefit to the defendant because the trial court would be empowered to grant the State's nolle prosequi petition, as to the second indictment, upon the return of the remittitur in the case sub judice. See generally *McGalliard v. Jones*, 133 Ga. App. 44 (209 SE2d 664).

2. In view of our ruling in Division 1, we need not determine whether the trial court erred in denying defendant's plea of former jeopardy.

3. Because the action of the State indicates that it intends to retry him upon the first indictment, defendant seeks a determination by this court that his conviction of the habitual violator offense bars another prosecution upon the homicide by vehicle charges. We cannot make this determination at this time inasmuch as defendant's contention was not raised in the trial court. See *Security Mgt. Co. v. King*, 132 Ga. App. 618, 619 (208 SE2d 576). The plea of former jeopardy and this appeal pertain only to the proceedings initiated by the second indictment. No such plea has been entered to date with respect to the original indictment.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

*Walter B. Harvey*, for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.