46035, 46036. STRICKLAND v. THE STATE.
(373 SE2d 736)

GREGORY, Justice.

Strickland's murder conviction was reversed by this Court in

*Strickland v. State,* 257 Ga. 230 (357 SE2d 85) (1987). When the DeKalb County District Attorney announced his intention to retry him, Strickland filed a plea of former jeopardy and motion to dismiss on the ground that the prosecution failed to disprove his involuntary intoxication defense beyond a reasonable doubt. After the trial court denied the plea and motion, Strickland filed a notice of appeal.

At the retrial, Strickland brought the notice of appeal to Judge Fuller's attention. Strickland alleged that under *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982), his notice of appeal from the plea of former jeopardy acted as a supersedeas preventing his retrial.

The prosecution responded that under *Rielli v. Oliver,* 170 Ga. App. 699 (318 SE2d 173) (1984), if a plea of former jeopardy is found to be frivolous and dilatory, the filing of a notice of appeal by a defendant does not divest the trial court of jurisdiction over the case. Judge Fuller then amended his order, nunc pro tunc, to include a finding that the plea was frivolous and dilatory.

Strickland then filed a petition for writ of prohibition, asking that the retrial be prohibited until his appeal was decided. He also asked that another judge be appointed to hear this petition. After Judges Fuller and Tillman recused themselves, Judge Shulman denied the petition and ruled that Judge Fuller properly amended his order. Strickland was retried over his objections.

## Case No. 46036

Strickland contends that the trial court erred in amending its order, nunc pro tunc, after he had filed a notice of appeal. In addition, he argues that the trial court erred in denying his petition for writ of prohibition.

1. The Court of Appeals in *Rielli* held that filing a notice of appeal does not divest a trial court of jurisdiction if the plea of former jeopardy is found to be frivolous and dilatory. 170 Ga. App. at 700. Strickland argues that if the former jeopardy plea is not found to be frivolous and dilatory, then everything a trial court does after the notice of appeal is filed is a nullity, even amending the order nunc pro tunc to find that the plea was frivolous and dilatory. We disagree.

The Court of Appeals in *Waters v. State,* 174 Ga. App. 438, 439 (330 SE2d 177) (1985) held that "[t]he mere filing of a notice of appeal . . . does not divest the trial court of complete jurisdiction . . . In a criminal case, the filing of a notice of appeal merely deprives the trial court of its 'power to execute the sentence.'" The Court of Appeals then held that the trial court had jurisdiction to entertain the State's nolle prosequi petition after the notice of appeal from the court's former jeopardy ruling had been filed. 174 Ga. App. at 439.

Following the reasoning of the Court of Appeals in *Waters,* we hold that a trial court may amend its order denying a plea of former

jeopardy, nunc pro tunc, to find the plea dilatory and frivolous, even though a notice of appeal has been filed. Filing a notice of appeal may deprive a court of its power to execute the sentence but it does not supersede every other activity of a trial court.[1]

2. A writ of prohibition is available only where there is a lack of jurisdiction over the subject matter. Because we hold that the trial court did not exceed its jurisdiction, it follows that the trial court correctly denied the writ of prohibition. See *Rielli*, 170 Ga. App. at 700.

### Case No. 46035

Strickland also argues that the trial court erred in denying his pleas of former jeopardy and motion to dismiss. He contends that as a matter of law the prosecution failed to meet its burden of disproving his involuntary intoxication defense beyond a reasonable doubt. This issue was already resolved against him in *Strickland v. State*, 257 Ga. 230, 231 (357 SE2d 85) (1987), when we wrote "that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt."

*46035. Judgment affirmed. All the Justices concur. 46036. Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED NOVEMBER 15, 1988 — RECONSIDERATION DENIED DECEMBER 14, 1988.

*Carl P. Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, Assistant District Attorney*, for appellee.

---

[1] If Strickland also files an appeal from the judgment in the second trial, this Court will be faced with multiple appeals: first the notice of appeal from the denial of the former jeopardy plea, then the merits. This Court could decide both appeals together if the legislature would amend OCGA § 5-6-35 (a) so that a defendant would have to file an application for appeal when the trial court denies the defendant's plea of former jeopardy as frivolous and dilatory.