A98A1828. BOLDEN v. THE STATE.
(514 SE2d 32)

RUFFIN, Judge.

A jury found Stanley Bolden guilty of driving under the influence of alcohol to the extent that it is less safe to drive and of driving without headlights in violation of OCGA § 40-8-20. Bolden appeals,

asserting that the trial court erred by allowing the State to bolster the credibility of its witness during closing arguments. In addition, Bolden contends that the trial court failed to properly address juror questions during deliberations. Since Bolden's assertions lack merit, we affirm.

Shortly before midnight on March 14, 1997, an Atlanta police officer saw Bolden driving down North Avenue with his headlights turned off. After the officer pulled Bolden over, he noticed an "extremely strong" odor of alcohol. At the officer's request, Bolden performed several field sobriety tests including reciting the alphabet, touching his finger to his nose, and walking in a straight line. According to the officer, Bolden failed all three tests.

1. Bolden claims that the trial court erred in permitting the State to bolster the credibility of the arresting officer. During his closing argument, the solicitor stated "you heard from the officer, who I thought was very credible." Bolden's attorney objected to this comment after which the trial court stated "I think the jury can determine credibility. He can argue that." Bolden made no additional objections nor did he move for a mistrial.

"It is improper for counsel to state to the jury his personal belief as to the veracity of a witness." (Punctuation omitted.) *Alexander v. State*, 263 Ga. 474, 477 (2) (d) (435 SE2d 187) (1993). Therefore, the solicitor's comment was improper. However, by failing to renew his objection or to move for a mistrial, Bolden waived any error.

> When improper argument is made to the jury, it is necessary, in order to make the alleged error the basis for appeal, that opposing counsel . . . properly object to the argument, invoke the ruling or instruction of the court, and if dissatisfied with the action taken to renew the objection and move for a mistrial.

(Punctuation omitted.) *Snider v. State*, 200 Ga. App. 12, 14 (6) (406 SE2d 542) (1991); see also *Epps v. State*, 168 Ga. App. 79, 81 (4) (308 SE2d 234) (1983).

2. Bolden also claims that the trial court erred in giving an improper response to the jury's questions during deliberation.

> [W]hen the jury requests the court to recharge them on any point, it is the court's duty to do so. . . . It is further the obligation of the court to instruct the jury in plain, clear language. Even when the charge relies on the exact language of the law, it must be calculated to enlighten rather than confuse the jury.

(Citations and punctuation omitted.) *Kimmel v. State*, 261 Ga. 332,

334-335 (3) (404 SE2d 436) (1991).

In this case, the jury asked to see a copy of the police report. Although neither the State nor Bolden tendered the report into evidence, the State did use the report to refresh the officer's recollection, and Bolden's attorney asked the officer numerous questions about alleged inconsistencies between the report and his testimony at trial. Instead of telling the jury that the report had not been tendered, the trial court instructed the jurors "that all of the evidence in the case has been presented to you during the course of the trial. And you are to make your decision based solely upon the evidence presented to you during the course of the trial." At Bolden's request, the trial court also instructed the jurors that they were not to speculate on any other evidence. One juror asked "[s]o anything that was said in court on the police report, forget about it?" Following this question, the trial court recharged the jury on evidence including the instruction that "evidence includes all of the testimony of the witnesses admitted during the course of the trial." Bolden objected to the court's response to the juror's question contending that it did not answer the question and served to confuse the jurors.

In recharging the jury,

[t]he trial court in its discretion may recharge the jury in full, or only upon the point or points requested. Moreover, the trial court does not have to engage in a question-and-answer session with the jury or instruct the jurors individually on how to apply the law to the facts.

(Citation omitted.) *Herrin v. State*, 229 Ga. App. 260, 262 (2) (493 SE2d 634) (1997). Here, the trial court's recharge to the jury that evidence includes the testimony of witnesses was legally sufficient and not misleading. In addition, the recharge, as given, answered the juror's question regarding the admissibility of the officer's testimony about his report. Thus, the trial court did not err in recharging the jury on this point in response to the juror's question.

In addition, it appears that only one juror asked additional questions regarding the admissibility of the police report, "which may not denote 'confusion' of the entire jury so as to trigger the need to recharge . . . and there was no abuse of discretion in not further responding to the individual juror." (Citations and punctuation omitted.) *Cannon v. State*, 230 Ga. App. 440, 442 (2) (496 SE2d 330) (1998).

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

198

DECIDED FEBRUARY 15, 1999 —
RECONSIDERATION DENIED MARCH 22, 1999 — 

*William C. Head*, for appellant.
*Joseph J. Drolet, Solicitor*, for appellee.