## S99G1005. BOLDEN v. THE STATE.

### (525 SE2d 690)

FLETCHER, Presiding Justice.

After Stanley C. Bolden objected during closing argument to the solicitor's improper argument, the trial court overruled the objection and Bolden made no further objection. On appeal, the Court of Appeals of Georgia held that Bolden waived his objection by failing to renew it or move for a mistrial.[1] Contrary to that holding, Bolden was not required to request further relief after his objection was overruled to preserve the issue for appellate review. We reverse because we cannot conclude that the solicitor's improper bolstering did not contribute to the verdict.

The police officer who made the arrest and Bolden were the only witnesses at trial. They gave conflicting testimony about the circumstances related to Bolden's arrest for driving under the influence and driving without headlights. During closing argument, the solicitor stated: "You look at what you heard from the officer, who I thought was very credible." Defense counsel objected to the argument as improperly bolstering the credibility of the police officer. The trial court said that "the jury can determine credibility. He can . . . argue that." Defense counsel made no further objection. The solicitor then told the jury that he would let them determine the credibility of the witnesses. The jury found Bolden guilty of both offenses.

---

[1] *Bolden v. State*, 237 Ga. App. 195 (514 SE2d 32) (1999).

The longstanding rule is that counsel may not state to the jury his or her personal belief about the veracity of a witness.[2] When an improper argument is made, opposing counsel may obtain appellate review of the trial court's ruling simply by objecting.[3] Contrary to the court of appeals' holding, the defendant is not required to renew his objection or move for a mistrial after the trial court overrules the objection.[4] On appeal, the objection raises the issue whether the trial court erred in failing to sustain the objection and requiring the prosecutor to stop making the improper argument.[5]

In this case, the solicitor improperly commented on the credibility of the state's only witness, and the trial court should have sustained Bolden's objection. The court of appeals compounded this error by ruling that Bolden waived his objection when he failed to seek limiting instructions or move for a mistrial. Because the police officer's testimony went beyond his police report and his credibility was the primary issue in dispute at trial, we cannot conclude that it is highly probable that the solicitor's bolstering of the officer's credibility did not contribute to the verdict.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Head, Thomas, Webb & Willis, William C. Head, Thomas J. Thomas,* for appellant.
*Joseph J. Drolet, Solicitor,* for appellee.

---

[2] See *Shirley v. State*, 245 Ga. 616, 617 (266 SE2d 218) (1980).
[3] See *Brooks v. State*, 183 Ga. 466, 470 (188 SE 711) (1936).
[4] See *Davie v. State*, 265 Ga. 800, 802 (463 SE2d 112) (1995) (Georgia has abolished the common law's requirement of a bill of exceptions).
[5] See *Hall v. State*, 180 Ga. App. 881, 883 (350 SE2d 801) (1986).