## A01A1950. RAMOS v. THE STATE.
(555 SE2d 779)

JOHNSON, Presiding Judge.

Jay Anthony Ramos was tried before a jury for failure to maintain lane and driving under the influence of alcohol. The jury found him guilty of failure to maintain lane, but was unable to reach a verdict on the driving under the influence of alcohol charge. The trial court, therefore, declared a mistrial as to the driving under the influence of alcohol charge. Following a retrial on that charge, a jury found him guilty of the charge. Ramos now appeals both his convictions. However, both his enumerations of error address actions by the trial court in his first trial. He alleges the trial court erred in admitting opinion testimony that his driving constituted a failure to maintain lane and erred in declaring a mistrial on the driving under the influence of alcohol charge only 30 minutes after giving the *Allen*[1] charge.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that an officer saw Ramos' car swerve outside his

---

[5] See *Kendrick v. State*, 146 Ga. App. 513, 514 (1) (b) (246 SE2d 505) (1978).
[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

lane of travel and cross the lane lines three or four times. The officer testified as follows:

Q: Did [the car] ever cross over the lane lines?
A: Yes, ma'am, it did. It did.
Q: How many times did it cross over the lane lines?
A: Three or four.
Q: Is that weaving?
A: Yes, ma'am.
Q: Is it also failing to maintain a single lane of traffic?
A: Yes, ma'am.

Ramos never objected to this testimony. However, he now claims on appeal that the officer's testimony constituted an incorrect statement of the law and went to the ultimate issue before the jury. Ramos has waived this argument.

"In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the appealing party might have."[2] No issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial.[3] Accordingly, this issue has not been preserved for appellate review.

Moreover, even if Ramos did not waive this argument, we find that the officer's testimony was not an incorrect statement of the law and did not usurp the jury's duty to decide the ultimate issues in the case. The officer was not asked in the present case if Ramos was guilty of failing to maintain a lane of traffic. He was asked if Ramos crossed over lane lines and if he failed to maintain a single lane of traffic. This is no different than asking a witness in a battery case if the defendant hit the victim. Furthermore, the jury could have found Ramos guilty based on his own testimony. According to Ramos: "I'm trying to call out on my cell phone and driving, and I guess I was trying to do too much because I was trying to call and I was also eating a bite or what-have-you." The trial court did not err in admitting the officer's testimony that Ramos failed to maintain his lane of travel.

2. The record shows that after the jury began deliberating, it sent out two questions relating to the DUI. After these questions were answered and further deliberations took place, the jury sent a note to the trial judge indicating that the jury could not reach a unanimous verdict. In response, the trial judge asked the jury

---

[2] (Citations and punctuation omitted.) *Jones v. State*, 232 Ga. App. 505, 506 (3) (502 SE2d 345) (1998).

[3] *Trotter v. State*, 248 Ga. App. 156, 157 (2) (546 SE2d 286) (2001).

foreperson whether she believed the jury was deadlocked, and she responded, "Yes, sir, I do." The trial judge then asked the foreperson whether she believed hearing any additional evidence or law would assist the jury, and she responded, "No, sir, I don't." The trial judge then administered the *Allen* charge. Ramos' sole objection was that the *Allen* charge indicated that "a jury somewhat like this jury at sometime in the future will be deciding the same issues."

It is within the trial court's discretion to determine whether and when to give an *Allen* charge.[4] It is also within the trial court's discretion to determine whether a jury is "hopelessly deadlocked," thus necessitating a mistrial.[5] The decisive factor is not the length of the deliberation, but the inability of the jury to agree on a verdict.[6]

In the present case, the jury had already come back with two questions and had some of the testimony replayed for them. Even after hearing the testimony again, they still could not reach a verdict. Furthermore, when questioned by the trial judge after the *Allen* charge had been given, the jury foreperson again indicated that further deliberations would be fruitless since the jury was in the same posture they were in before the *Allen* charge. This was not a lengthy case, nor were the issues complex. The jury merely needed to determine whether Ramos' driving ability was impaired by the alcohol he had consumed. The jury deliberated for approximately three hours and then indicated further deliberations would be fruitless. The trial court did not abuse its discretion in declaring a mistrial.

As for Ramos' challenge regarding the language used by the trial judge in the *Allen* charge, virtually identical language has been affirmed by this Court.[7] Considering the facts of the case and the charge in its entirety, we find that the language of the charge was not coercive and that it did not place undue pressure on the members of the jury to abandon their convictions.[8] Consequently, this enumeration is without merit.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 19, 2001.

*William H. Toler III*, for appellant.

---

[4] See *Honeycutt v. State*, 245 Ga. App. 819, 821 (4) (538 SE2d 870) (2000); *Moore v. State*, 215 Ga. App. 626, 628 (3) (451 SE2d 534) (1994).
[5] See *Griffin v. State*, 264 Ga. 232, 233 (443 SE2d 612) (1994).
[6] Id.
[7] See *Concepcion v. State*, 200 Ga. App. 358 (1) (408 SE2d 130) (1991).
[8] Id. at 360.

*Keith C. Martin, Solicitor-General, Evelyn P. Sandefur, Assistant Solicitor-General*, for appellee.