## A02A1095. BOLDEN v. THE STATE.
### (571 SE2d 393)

MIKELL, Judge.

This is a direct appeal of the trial court's interlocutory order denying Stanley C. Bolden's motion for discharge and acquittal based on the alleged violation of his constitutional right to a speedy trial.[1] For the reasons that follow, we affirm.

Bolden was arrested on March 14, 1997, for driving under the influence of alcohol to the extent it was less safe for him to do so, a violation of OCGA § 40-6-391 (a). He was tried and convicted on August 20, 1997. This Court affirmed Bolden's conviction.[2] However, the Supreme Court reversed, holding that the solicitor improperly bolstered the arresting officer's credibility during closing argument by describing the officer as a credible witness.[3] Accordingly, we vacated our judgment.[4]

This Court issued the remittitur on April 5, 2000. Upon receipt of the remittitur, the trial court dismissed the charges on April 13, 2000. The following day, the state moved for reconsideration of the dismissal pursuant to OCGA § 5-5-49, which provides that if the appellate court's decision did not finally dispose of the case, the lower court must, upon the return of the remittitur, docket the case for trial.[5] The trial court set the motion for a hearing on May 4, 2000. Defense counsel filed a notice of conflict, so the matter was reset for May 8. After hearing argument, the court granted the state's motion.

The case was placed on the jury trial calendar for June 19, 2000. However, defense counsel submitted a notice of leave of absence as well as a conflict notice. To accommodate defense counsel's schedule, the case was continued until July 11, 2000. In the interim, Bolden filed a motion for discharge and acquittal as well as a plea of former jeopardy, arguing prosecutorial misconduct barred his retrial. In

---

[1] In *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002), the Supreme Court held that a trial court's order denying a plea in bar based on the alleged violation of the constitutional right to a speedy trial is directly appealable.

[2] *Bolden v. State*, 237 Ga. App. 195 (514 SE2d 32) (1999) (*"Bolden I"*).

[3] *Bolden v. State*, 272 Ga. 1, 2 (525 SE2d 690) (2000) (*"Bolden II"*).

[4] *Bolden v. State*, 242 Ga. App. 552 (530 SE2d 254) (2000) (*"Bolden III"*).

[5] See *Rawdin v. Conner*, 211 Ga. 52 (84 SE2d 50) (1954) (if the judgment of reversal contains no express direction to the lower court, the case stands reversed, and a new trial is required).

addition, defense counsel filed another conflict notice, requiring the court to continue the case until August 8, 2000.

Jurors were summoned for that day. At the beginning of the case, the following exchange occurred:

> THE COURT: We're holding a bunch of people that's kind of upset over there. In the event that I rule against you, are we going to go forward with a trial this morning?
> MR. HEAD: No, sir. It will be a direct appeal.

The jurors were sent home. After hearing arguments, the trial court denied Bolden's plea of former jeopardy. Bolden appealed. In an unpublished opinion, this Court affirmed the trial court's order.[6]

The remittitur was issued on October 26, 2001. The case was scheduled for trial on November 28, 2001. On that date, the state announced ready. Bolden, however, filed a motion for discharge and acquittal, arguing that the state had violated his constitutional right to a speedy trial. The court could not hear arguments that day because it was in the midst of a jury trial. However, the court offered to reschedule for the following afternoon. Citing a conflict and Bolden's need to return to work, defense counsel declined. The case was reset for January 14, 2002. After hearing argument, the trial court denied the motion. This appeal followed.

1. *Barker v. Wingo*[7] requires a court to balance four factors in determining whether a defendant's constitutional right to a speedy trial has been denied: (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The test recognizes that the burden of protecting the right to a speedy trial does not rest solely with an accused.[8] On appeal, the denial of a defendant's constitutional speedy trial claim is reviewed for abuse of discretion.[9]

We first examine the length of the delay. Unless the delay is "presumptively prejudicial," we need not analyze the defendant's speedy trial claim under the remaining three *Barker* factors.[10] "[A]s the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable

---

[6] *Bolden v. State*, 249 Ga. App. XXVI (2001) ("*Bolden IV*").

[7] 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972).

[8] *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000).

[9] *Jernigan v. State*, 239 Ga. App. 65 (517 SE2d 370) (1999).

[10] *Chambers v. State*, 213 Ga. App. 414, 415 (1) (a) (444 SE2d 820) (1994).

enough to trigger the *Barker* enquiry."[11] As a delay approaches one year, it is considered presumptively prejudicial.[12]

In the case at bar, Bolden argues that the delay is measured from the time of the first trial, August 20, 1997, until the scheduling of his second trial on January 14, 2002. That is incorrect. As we held in *Chambers v. State*, "the defendant's own actions in seeking multiple reviews prolonged resolution while at the same time affording him another opportunity for trial. [Therefore, t]he span must be computed from the most recent remittitur to the trial court."[13] The remittitur following *Bolden IV* was issued on October 26, 2001. The case was set for trial 32 days later, on November 28, 2001. Bolden, however, did not desire a trial. Instead, he filed the motion that is the subject of the present appeal. The trial court offered to hear argument the following day, but defense counsel cited a conflict. At the next call of the case on January 14, 2002, Bolden still did not desire a trial, preferring instead to argue the motion and file a direct appeal.

Although our appellate courts have not drawn a bright line beyond which pretrial delay will trigger inquiry into the remaining *Barker* factors, we hold that the delay in the present case of two and one-half months between the issuance of the remittitur and the second trial date cannot be said to be "presumptively prejudicial" within the meaning of *Doggett v. United States*.[14] After all, "the accused cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness."[15] Here, it is the defendant, not the state, who has successfully delayed retrial. Therefore, we need not reach the remaining *Barker* factors. Bolden's constitutional speedy trial rights have not been violated, and the trial court did not abuse its discretion in denying his motion for discharge and acquittal.

2. Bolden next contends that in the event he is retried, the state should be estopped from introducing evidence of his breath test results. However, this assertion has not been preserved for appellate review. Although Bolden alluded to this issue in the trial court, he did not move to exclude the results of his breath test nor seek any ruling thereon.

> Therefore, there is no ruling by the trial court with regard to this issue. Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction

---

[11] *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992).

[12] Id.; accord *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994).

[13] Supra at 415 (1) (a).

[14] Supra; cf. *Nairon v. State*, 215 Ga. App. 76 (1) (a) (449 SE2d 634) (1994) (delay of nearly nine months held sufficient to trigger inquiry into remaining *Barker* factors).

[15] (Punctuation omitted.) *Boseman*, supra, citing *Doggett*, supra, 505 U. S. at 652.

of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.[16]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 23, 2002 —
RECONSIDERATION DENIED SEPTEMBER 19, 2002 —

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Joseph J. Drolet, Solicitor-General, Michael Y. Doko, Assistant Solicitor-General*, for appellee.

---

[16] (Citations and punctuation omitted.) *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997).