A04A1844. DESOUZA v. THE STATE.
(608 SE2d 313)

MILLER, Judge.

Liston Ken Desouza appeals following the denial of his plea in bar for double jeopardy. On appeal he contends that the trial court's delivery of two *Allen* charges during jury deliberations and subsequent declaration of a mistrial when the jury still could not reach a verdict bars the State from retrying him. We find his arguments to be without merit and affirm.

The record reveals that Desouza was tried for trafficking cocaine and possessing marijuana with the intent to distribute. After a two-and-a-half-day trial, the jury began its deliberations at 3:45 in the afternoon. The jury deliberated until the end of the day and continued its deliberations the next morning until lunch time.

At lunch time, the court received a note from the jury, which read: "The jury is split and set in their opinions. There is [an] overall agreement that no positions will be changed by further deliberations." The court then decided, over defense counsel's objection, to give an *Allen*[1] charge to the jury in light of its stalemate. The jury deliberated for another two and a half hours and then sent a second note to the court requesting that it "re-read the [*Allen*] charge." The court reread the charge over defense counsel's objection, and cautioned the jury that it should not take the charge out of context or overemphasize it in relation to the entire jury charge given prior to deliberations. Defense counsel objected again and moved for a mistrial, arguing that the "jury ha[d] been deliberating for approximately seven hours" and did not "seem to be making progress." The court would not agree to a mistrial at that time, stating that it would let the jury "deliberate for another reasonable period of time until [the court] hear[s] something from them to indicate that they can't reach a verdict."

About 30 minutes later, the court received yet another note from the jury, which stated: "We feel at this point we are deadlocked. In our opinion, no further progress can be made." The court then declared a mistrial.

Although defense counsel had not objected to the court declaring a mistrial (and had indeed moved for a mistrial on the same basis that the court used for declaring one), Desouza later filed a double jeopardy plea, arguing that he could not be retried because the court had placed undue pressure on the jury with its *Allen* charges and had improperly declared a mistrial. The court denied the motion as frivolous, and Desouza appeals.

The decision of whether to give an *Allen* charge is within the discretion of the trial court. *Ponder v. State*, 268 Ga. 544, 546 (3) (491 SE2d 363) (1997). Here, the jury indicated that it was deadlocked before the court gave the initial *Allen* charge, and even requested that the court read the charge again as it continued deliberations which eventually failed to bring about a unanimous verdict. We find no abuse of discretion here. See, e.g., *Ramos v. State*, 252 Ga. App. 106, 108 (2) (555 SE2d 779) (2001).

---

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

Moreover, there was no evidence that the charge as a whole was impermissibly coercive, especially in light of the fact that the jury remained deadlocked after the charge was given. See *Ramos*, supra, 252 Ga. App. at 108 (2); cf. *Burchette v. State*, 278 Ga. 1, 3 (596 SE2d 162) (2004) (where court used certain disapproved-of language in *Allen* charge, charge as a whole still was not impermissibly coercive). Since the jury was hopelessly deadlocked, the trial court did not abuse its discretion in declaring a mistrial, and Desouza's plea in bar for double jeopardy was accordingly without merit. *Griffin v. State*, 264 Ga. 232, 233 (443 SE2d 612) (1994); see *Ramos*, supra, 252 Ga. App. at 108 (2).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2004.

*Dwight L. Thomas, Caprice R. Jenerson*, for appellant.

*Patrick H. Head, District Attorney, Samuel W. Lengen, Dana J. Norman, Assistant District Attorneys*, for appellee.