## A06A0034. ROBERTS v. THE STATE.
(631 SE2d 480)

BARNES, Judge.

James Earl Roberts appeals the trial court's denial of his plea of former jeopardy based on a constitutional speedy trial violation. For the reasons that follow, we affirm.

Roberts previously appealed the trial court's denial of his motion for discharge and acquittal based on the speedy trial provisions of OCGA § 17-7-170, and both this court and the Supreme Court of

---

Georgia affirmed the trial court. *Roberts v. State*, 263 Ga. App. 472 (588 SE2d 242) (2003), aff'd, 278 Ga. 610 (604 SE2d 781) (2004). Those appeals arose because Roberts appeared in municipal court for a preliminary hearing on June 28, 2001, but before the hearing began, the prosecutor announced that Roberts had been indicted and was no longer entitled to a preliminary hearing. The judge adjourned the proceedings, and Roberts filed a speedy trial demand in superior court later that day. The State subsequently moved the trial court to dismiss or deny the speedy trial demand, and the trial court granted the motion on September 20, 2001. The court held that, contrary to the prosecutor's representation in municipal court that the indictment had already been filed, the indictment was not filed until the next day, after Roberts filed his speedy trial demand. Thus the demand was fatally premature.

Roberts then filed a motion for acquittal as a matter of law pursuant to the speedy trial demand statute, OCGA § 17-7-170, and moved to stay his trial until the court ruled on his motion for acquittal. The trial court finally denied Roberts' motion for acquittal in October 2002. The court also quashed the indictment, which charged Roberts with fifteen counts of aggravated child molestation and eight counts of child molestation, finding that Roberts had not received the preliminary hearing to which he was statutorily entitled.

Roberts appealed the denial of his motion for acquittal, and both this court and the Supreme Court of Georgia affirmed because his speedy trial demand, having been filed the day before the indictment was filed, was a nullity. The Supreme Court held also that the doctrine of judicial estoppel does not apply to criminal cases, and thus Roberts could not rely on the prosecutor's representation that the indictment had already been filed. *Roberts v. State*, supra, 278 Ga. 612-613. The remittitur was transmitted from this court to the superior court clerk's office on December 2, 2004.

Meanwhile, in November 2002, after Roberts filed his notice of appeal regarding the denial of his motion for acquittal, a grand jury indicted Roberts a second time for the same offenses. In March 2003, Roberts moved to quash the second indictment, arguing that the State could not indict him while the denial of his motion for acquittal was on appeal. Roberts also moved in the alternative to file an out-of-time demand for a speedy trial if his motion to quash failed. At a hearing in May 2003, the State noted that the trial court had quashed the first indictment, and thus the State no longer had a case pending against Roberts until it indicted him the second time. The State also said that it did not intend to try him while his appeal was pending because the results of the appeal could dispositively foreclose it from doing so, but that it indicted him again because the statute of limitation was not tolled while Roberts' appeal was pending. The trial

court declined to rule on the substance of Roberts' motions, merely maintaining the status quo. Indeed, Roberts was the only one seeking substantive rulings or a trial on the second indictment while the appeal was pending, and he candidly admitted during a hearing after the remittitur was returned that he was seeking a trial because he could then argue that it was a nullity if it were to take place while the appeal was pending.

The trial court denied both the motion to quash the second indictment and the motion to file an out-of-time demand for a speedy trial. Roberts filed three subsequent pleas of former jeopardy, arguing that the delay in trying his case violated his constitutional right to a speedy trial, that the second indictment should have been quashed, and that a third indictment would be prohibited by OCGA § 17-7-53.1, which bars a third indictment if two prior indictments on the same subject have been quashed. The trial court did not hear the motions because jurisdiction was still in the appellate courts.

After the remittitur was returned to the trial court in December 2004, the trial court held a hearing in April 2005 on Roberts' plea in bar and his motion to dismiss the second indictment based on a violation of his constitutional right to a speedy trial. It denied both motions in May 2005, and Roberts appealed. He argues that the trial court abused its discretion by denying his claim that the State violated his due process rights by waiting more than four years to bring his case to trial.

"A speedy trial is guaranteed an accused by the Sixth Amendment to the Constitution of the United States, and also . . . Art. I, Sec. I, Par. XI (a) of the 1983 Ga. Constitution." (Citation and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated . . . (a) [t]he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

*Washington v. State*, 243 Ga. 329, 330 (1) (253 SE2d 719) (1979).

1. Roberts argues that the State lacked jurisdiction to bring the second indictment while his motion for acquittal was on appeal, and thus any delay in bringing his case to trial has prejudiced his defense because he was being forced to trial on a null indictment. If the indictment is invalid, then the State cannot proceed against Roberts at all, and thus we will consider this issue first.

Filing a notice of appeal divests the trial court of jurisdiction in some matters, but not in all. "In a criminal case, the filing of a notice of appeal merely deprives the trial court of its power to execute the sentence." (Citation and punctuation omitted.) *Waters v. State*, 174 Ga. App. 438, 439 (1) (330 SE2d 177) (1985). Generally a trial court may not alter a judgment or order while an appeal of that particular judgment or order is pending before the appellate court, nor may a trial court initiate proceedings that require a ruling on the exact matter being appealed. For example, the trial and conviction of a defendant that take place while he appeals the denial of a motion to suppress is null and void. *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992). The trial court also cannot rule on a motion for new trial after the notice of appeal has been filed, *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001); or vacate and reenter a probation revocation order while that order is on appeal. *Styles v. State*, 245 Ga. App. 90, 91 (537 SE2d 377) (2000). All of these prohibitions forbid trial court actions that directly affect an issue on appeal.

On the other hand, "such loss of jurisdiction is limited to only those proceedings which either require a ruling on the matters on appeal or directly or indirectly affect such matters." *Styles v. State*, supra, 245 Ga. App. at 92 (Blackburn, P. J., concurring specially). For example, "a trial court may amend [an] order denying a plea of former jeopardy, nunc pro tunc, to find the plea dilatory and frivolous, even though a notice of appeal has been filed. Filing a notice of appeal may deprive a court of its power to execute the sentence but it does not supersede every other activity of a trial court." (Footnote omitted.) *Strickland v. State*, 258 Ga. 764, 765-766 (1) (373 SE2d 736) (1988), overruled in part on other grounds, *Washington v. State*, 276 Ga. 655 (581 SE2d 518) (2003). A trial court also retains jurisdiction to rule on a motion for withdrawal and substitution of defense counsel, *Elrod v. State*, 222 Ga. App. 704, 705 (1) (475 SE2d 710) (1996); to appoint appellate counsel, *Spear v. State*, 271 Ga. App. 845, n. 1 (610 SE2d 642) (2005); to dismiss an appeal and to assist in preparing the record, *State v. James*, 211 Ga. App. 149, 150 (2) (438 SE2d 399) (1993); and to consider the State's petition to nolle prosequi a second indictment after the defendant filed a notice of appeal from the court's former jeopardy ruling on the second indictment. *State v. Lejeune*, 276 Ga. 179, 184-185 (4) (576 SE2d 888) (2003); *Waters v. State*, supra, 174 Ga. App. at 439. Based on the above, we hold that, considering the

peculiar facts and circumstances of this case, the trial court did not err in finding that "the State had the ability to bring the current indictment against the Defendant."

Roberts argues that the Supreme Court's opinion in *Griffin v. State*, 266 Ga. 115 (464 SE2d 371) (1995), overruled in part on other grounds, *Washington v. State*, supra, 276 Ga. 655, mandates the conclusion that the second indictment should be quashed for lack of jurisdiction. In *Griffin*, the defendant's first trial on a murder charge ended in a mistrial, and when the State reindicted him, he filed a plea of double jeopardy, which the trial court denied. While the plea denial was on appeal, another county indicted Griffin for the same murder, and the trial court in that county denied Griffin's motion to quash the indictment.

On interlocutory appeal, the Supreme Court held that "the court which first acquires jurisdiction of the prosecution retains it to the exclusion of others while that case is pending, thereby preempting jurisdiction for all offenses originating in the same course of criminal conduct." (Citations omitted.) *Griffin v. State*, supra, 266 Ga. at 115 (1). The court also said that the indictment must be quashed because allowing it to proceed while the defendant's plea of former jeopardy was on appeal would violate the double jeopardy clause. Id. at 116-117.

The present case is distinguishable because it does not involve two counties competing for jurisdiction. Further, when the second indictment was filed, the first indictment was neither pending against Roberts nor on appeal, as the trial court had quashed it and Roberts appealed only the court's denial of his motion for acquittal on statutory speedy trial grounds. Thus the Supreme Court's decision in *Griffin* does not require a different result in this case.

The holding in *State v. Sullivan*, 237 Ga. App. 677 (516 SE2d 539) (1999), which Roberts cites as support for his argument that the State lacked jurisdiction to bring the second indictment, also clearly does not apply here. As in *Griffin*, *Sullivan* involves competing jurisdictions, this time the superior and juvenile courts. Sullivan was indicted in superior court before the juvenile court transferred jurisdiction, and this court affirmed the superior court's order quashing the indictment for lack of jurisdiction. If the juvenile court's transfer order had been entered properly and then appealed, an indictment brought afterward in superior court would have been valid. *Rocha v. State*, 234 Ga. App. 48, 50 (1) (506 SE2d 192) (1998). In this case, we have no such issues of competing trial court jurisdiction.

2. Having found that the second indictment must not be quashed for lack of jurisdiction, we now consider the merits of Roberts' speedy trial claim. The first factor to consider in determining whether a defendant's constitutional right to a speedy trial was violated is the

length of the delay. While a delay approaching a year is presumptively prejudicial and triggers the *Barker* inquiry, a delay of two and a half months between the remittitur and the scheduling of the trial is not, and no further inquiry is needed. *Bolden v. State*, 257 Ga. App. 474, 476 (1) (571 SE2d 393) (2002).

Roberts contends that the State delayed more than four years since his May 17, 2001 arrest to try his case, and more than two years since his second indictment on November 19, 2002. He posits that, if we find the trial court had jurisdiction to accept the second indictment, then the trial court had jurisdiction to try the case, and the delay in not trying it weighs against the State. For the reasons discussed in Division 1, the second indictment was valid, but the trial court could not have tried the case before the remittitur was returned to it. We thus measure the delay from the most recent remittitur to the trial court, "because the defendant's own actions in seeking multiple reviews prolonged resolution while at the same time affording him another opportunity for trial." *Chambers v. State*, 213 Ga. App. 414, 415 (1) (a) (444 SE2d 820) (1994).

When the remittitur was returned to the trial court on December 2, 2004, Roberts' motions for a plea in bar and to dismiss the indictment, which he filed in 2003, were pending because the trial court declined to rule on them while Roberts' first speedy trial motion was on appeal. A hearing on the motions was first scheduled for March 9, 2005, three months after the remittitur. Roberts' counsel had a conflict on that date, and the hearing was actually held a month later, on April 9, 2005. The State never had an opportunity to schedule a trial because Roberts had already filed his motions, and thus the delay of three months was not presumptively prejudicial and we need not consider the remaining *Barker* factors. Here, as in *Bolden v. State*, supra, 257 Ga. App. at 476, it is the defendant, not the State, who has successfully delayed his trial. Thus his constitutional rights were not violated and the trial court did not abuse its discretion by denying his motions for a plea in bar.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MAY 17, 2006 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Stephany J. Lewis, Assistant District Attorneys*, for appellee.