A07A0256. DeSOUZA v. THE STATE.
(645 SE2d 684)

ADAMS, Judge.

Liston Ken DeSouza contends the trial court erred by conducting a retrial of his case while a denial of his earlier plea of double jeopardy was on appeal in this Court.

In November 2003, DeSouza was tried for trafficking cocaine and possession of marijuana with intent to distribute, but the trial ended

in a mistrial. *Desouza v. State*, 270 Ga. App. 849, 850 (608 SE2d 313) (2004).[1] "De[S]ouza later filed a double jeopardy plea, arguing that he could not be retried because the court had placed undue pressure on the jury with its *Allen* charges and had improperly declared a mistrial." Id. The trial court found the plea in bar to be frivolous and denied the motion, and on March 17, 2004, DeSouza filed a notice of appeal. Two days later, the trial court set DeSouza's trial to begin on April 19, 2004. In response, DeSouza filed in this Court an emergency motion to stay the trial pending the outcome of the appeal.

In an order issued on March 19, 2004, this Court ruled that the trial court was not divested of jurisdiction, but it granted a brief stay — through March 25 — to allow DeSouza to petition the Supreme Court of Georgia. But this Court continued, "On such date, absent some ruling from our Supreme Court to the contrary, Defendant's criminal trial may proceed. . . ." DeSouza filed a petition for certiorari and a supplemental petition on March 30, 2004. But no decision had been rendered as of April 20, 2004. The trial judge decided to proceed, and the trial took place on April 20-22, 2004, with the jury returning a verdict of guilty of trafficking cocaine and not guilty of possession.

On December 10, 2004, this Court resolved the earlier appeal and held that "the trial court did not abuse its discretion in declaring a mistrial, and De[S]ouza's plea in bar for double jeopardy was accordingly without merit." *Desouza*, 270 Ga. App. at 851. The remittitur was issued on December 30, 2004 and filed in the trial court on January 10, 2005. On that day, the trial court sentenced DeSouza to 25 years confinement.

DeSouza now contends that, in accordance with *Chambers v. State*, 262 Ga. 200 (415 SE2d 643) (1992), the trial court did not have jurisdiction to take any action, including trying the case, until the remittitur was received from the appellate court and filed in the trial court. But this case is controlled adversely to DeSouza by *Strickland v. State*, 258 Ga. 764 (373 SE2d 736) (1988),[2] and *Rielli v. Oliver*, 170 Ga. App. 699 (318 SE2d 173) (1984).

Those two cases firmly establish that "if the plea of double jeopardy is found to be frivolous, the filing of a notice of appeal by the

---

[1] DeSouza's name was not properly capitalized in his earlier appeal.

[2] In *Roberts v. State*, 279 Ga. App. 434 (631 SE2d 480) (2006), it is stated that *Strickland* was "overruled in part on other grounds" by *Washington v. State*, 276 Ga. 655 (581 SE2d 518) (2003). But *Washington* never mentions *Strickland*, and it overrules two other cases — not *Strickland* — on a point of law that is unrelated to any points of law in *Strickland*. We note that *Roberts* also cites one of those two cases and states that it has been "overruled in part on other grounds" by *Washington*. The only possible conclusion is that a clerical error occurred in *Roberts* resulting in the misplaced suggestion that *Washington* has had some effect on *Strickland*. We find none. Accordingly, we overrule *Roberts* to the extent it holds that *Strickland* has been overruled, in whole or part by *Washington*.

defendant shall not divest the trial court of jurisdiction over the case." (Citations and punctuation omitted.) *Rielli*, 170 Ga. App. at 699. In this case the trial court made such a finding. "Accordingly, the jurisdiction of [the trial] judge over appellant's case was not divested by the filing of the notice of appeal from the denial of the plea of double jeopardy." Id. Under these circumstances, "the filing of a notice of appeal merely deprives the trial court of its 'power to execute the sentence.'" (Citation omitted.) *Strickland*, 258 Ga. at 765. Here, sentence was not imposed until after the remittitur was filed below. We find no error.

*Chambers*, 262 Ga. 200, is distinguishable because it does not address the situation where a plea of double jeopardy is found to be frivolous.

*Judgment affirmed. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Miller, Ellington, Phipps, Mikell and Bernes, JJ., concur.*

DECIDED APRIL 30, 2007 —

*Head, Thomas, Webb & Willis, Jackie G. Patterson*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.