**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 11, 2016**

# In the Court of Appeals of Georgia

A15A1868. REDFORD v. STATE.

BARNES, Presiding Judge.

Mike Redford, a pro se defendant, appeals the trial court's order denying his motion for speedy trial.[1] We granted the discretionary appeal of the pre-trial denial of Redford's motion for speedy trial.[2] Finding no error, we affirm.

Redford was arrested in October 2013 and indicted on four counts of aggravated stalking. Redford, a pro se defendant, filed multiple motions with the court including a motion to quash the indictment, a motion for bond, and a demand for speedy trial. At one point, Redford hired an attorney to represent him at his motion for bond hearing on

---

[1] In his brief, Redford listed 68 errors of enumeration alleging that the trial court erred in some way. However, these claims are not yet ripe for our review or are without merit.

[2] We granted Redford's appeal because a defendant has the right to directly appeal from the pre-trial denial of a statutory speedy trial demand. *Tolbert v. Toole*, 296 Ga. 357, 360 (2, n.7) (767 SE2d 24) (2014).

February 26, 2014.[3] On May 7, 2014, the trial court granted a motion from the attorney to withdraw as Redford's counsel.

Redford filed his demand for a speedy trial, along with several other motions, on April 8, 2014 with the clerk of court. The trial court set a hearing on some of Redford's motions for October 22, 2014.[4] At the hearing, the State argued that Redford filed the motion while he was still represented by an attorney, and the motion was not filed properly because Redford did not serve the trial court. The trial court denied Redford's motion for a speedy trial based on those facts. Redford timely appealed this decision.

"[A] demand for a speedy trial has no legal effect whatsoever if filed by a defendant acting pro se at a time he is represented by counsel." *Schaefer v. State*, 238 Ga. App. 594, (1) (519 SE2d 248) (1999). Redford had counsel in February 2014 at his motion for bond hearing and the attorney did not withdraw until May 2014. The demand for speedy trial was filed on April 8, 2014, when Redford was still represented by counsel. Accordingly, "[t]he trial court did not err in denying [Redford's] pro se motion on the ground that he was represented by counsel at the time he filed the motion." *Works v. State*, 301 Ga. App. 108, 110 (2) (686 SE2d 863) (2009).

---

[3]Redford also filed a motion to proceed pro se with a co-counsel. However, there is no right to hybrid representation by oneself and counsel. *Potts v. State*, 259 Ga. 812, 815-816 (4) (388 SE2d 678) (1990).

[4]The trial court heard Redford's motion to quash the indictment on August 27, 2014.

Moreover, OCGA § 17-7-170 (a) provides that "the demand for a speedy trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned." The trial court may deny a demand for speedy trial if the defendant fails to serve the demand on both the prosecutor and the trial court. *Liembach v. State*, 251 Ga. App. 589, 590 (554 SE2d 771) (2001) (holding "a defendant must strictly comply with the filing and service requirements of OCGA § 17-7-170").

Redford provided no evidence that he served the trial court with the demand. Redford claimed that he sent the motions in a separate envelope to the judge and to the State, but the trial court determined that Redford's certificate of service only showed service on the State. "A trial court's finding of lack of service of a demand for speedy trial will be accepted unless it is clearly erroneous." *Williams v. State*, 258 Ga. App. 367, 368 (1) (574 SE2d 416) (2002). We find no error in the trial court's denial of Redford's motion for a speedy trial based on the above facts.

*Judgment affirm. Ray and Mercier, JJ., concur*.