**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1429. REDFORD v. THE STATE.

BARNES, Presiding Judge.

Mike Jethro Azubike Redford appeals pro se from the order of the trial court finding that it did not have jurisdiction over Redford's motion for an out-of-time appeal and dismissing same. Upon our review, and for the reasons that follow, we remand the case for further consideration consistent with this opinion.

In August 2016, following a jury trial, Redford was convicted of two counts of aggravated stalking, and the trial court imposed a total sentence of 20 years in prison. Redford filed a timely pro se notice of appeal. Nearly three years later, the State moved to dismiss the appeal for failure to pay costs. Redford filed a "Motion to Dismiss Notice of Appeal," which the trial court granted on July 2, 2019. Thereafter, Redford filed a "Motion to Reinstate Defendant's Notice [of] Appeal,"

asserting that the trial court misconstrued his earlier motion to reinstate his appeal, which the trial court denied on August 26, 2019.

Redford filed a notice of appeal from that order to this Court on September 11, 2019.[1] However, we dismissed Redford's appeal as untimely on December 5, 2019, and thereafter on December 10, 2019, he filed a petition for certiorari to the Supreme Court. The Supreme Court denied the petition on July 15, 2020, and this Court issued the remittitur back to the trial court on August 28, 2020.

Back in the trial court, on December 16. 2019 Redford filed a "Petition for Out of Time Notice of Appeal," which on January 29, 2020 the trial court dismissed upon determining that it lacked jurisdiction. The trial court held that Redford's motion was

> an attempt to circumvent what Defendant precipitated by seeking, and obtaining, the dismissal of his notice of appeal. The Georgia Court of Appeal~ has affirmed this Court's granting of Defendant's motion when it found that Defendant's appeal of that order was untimely. Any issue with the appellate court's order must be addressed to them, not this Court. There is no further right of action in this Court. Defendant's remedies are limited to habeas corpus, which must be filed in the county where he is incarcerated.

Redford appeals pro se from that order.

---

[1] The appeal was docketed on November 14, 2019 as Case No A20A0755.

We first address the trial court's determination that it lacked jurisdiction to consider Redford's motion for an out-of-time appeal based on this Court's dismissal of Redford's appeal from the denial of his motion to reinstate his notice of appeal in the earlier, separate appeal, A20A0755. We note that A20A0755 was dismissed by this Court as untimely pursuant to OCGA § 5-6-38 (a) for failure to file a notice of appeal within 30 days of the order appealed from. Any claimed basis for the grant of an out-of-time appeal was not under consideration. Thus, this Court's dismissal of A20A0755 as untimely did not, by operation of law, divest the trial court of jurisdiction over Redford's ensuing motion for out-of-time appeal in the current appeal. See generally *Porter v. State*, 308 Ga. App. 121, 122 (1) (706 SE2d 620) (2011) (finding that trial court was not deprived of jurisdiction over motion for out-of-time appeal when this Court "dismissed [earlier] appeal pursuant to Court of Appeals Rule 23 (a) for failure to file a brief or enumerations of error . . . [and] basis for the motion for out-of-time appeal was not under consideration.")

However, this does not end our inquiry into the trial court's jurisdiction. On January 29, 2020, when the trial court entered the order dismissing Redford's motion for an out-of-time appeal, his petition for certiorari in A20A0755 was pending in the

3

Supreme Court of Georgia. The Supreme Court denied the petition, and the remittitur from this Court was returned to the trial court on August 28, 2020.

"Generally a trial court may not alter a judgment or order while an appeal of that particular judgment or order is pending before the appellate court, nor may a trial court initiate proceedings that require a ruling on the exact matter being appealed." *Roberts v. State*, 279 Ga. App. 434 (1) (631 SE2d 480) (2006), overruled on other grounds, *DeSouza v. State*, 285 Ga. App. 201, 202 n.2 (645 SE2d 684) (2007). See *Styles v. State*, 245 Ga. App. 90, 92 (537 SE2d 377) (2000) (Blackburn, P. J., concurring specially) (explaining that the supersedeas resulting from an appeal in a criminal case applies to all "proceedings which either require a ruling on the matters on appeal or directly or indirectly affect such matters"). See also OCGA § 5-6-45 (a) ("In all criminal cases, the notice of appeal . . . shall serve as supersedeas in all cases where a sentence of death has been imposed or where the defendant is admitted to bail."); *Chambers v. State*, 262 Ga. 200, 202 (3) (415 SE2d 643) (1992) (the trial and conviction of a defendant that take place while he appeals the denial of a motion to suppress is null and void); *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001) (trial court also cannot rule on a motion for new trial after the notice of appeal has been filed).

However,

[n]ot every action by a trial court is barred during the pendency of an appeal. Rather the trial court cannot execute a sentence or entertain proceedings which either require a ruling on the matters on appeal or which directly or indirectly affect such matters. The loss of jurisdiction is limited only to those proceedings which either require a ruling on the matters on appeal or directly or indirectly affect such matter.

(Citations omitted.) *Kenerly v. State*, 325 Ga. App. 412, 413 (1) (750 SE2d 822) (2013). See *Moon v. State*, 287 Ga. 304, 305 (696 SE2d 55) (2010) (pendency of appeal from order granting motion to suppress did not prevent the trial court from hearing a timely filed motion for reconsideration); *Strickland v. State*, 258 Ga. 764, 765-766 (1) (373 SE2d 736) (1988) (trial court retains the power to amend its order denying a plea of former jeopardy, nunc pro tunc, to find the plea dilatory and frivolous).

"The . . . issue, therefore, is whether the [filing of the motion for out-of-time appeal] . . . required the trial court to issue a ruling on the exact matter being considered in the [f]irst [a]ppeal [,the motion to reinstate appeal], or whether it directly or indirectly affected such matters." *Brown v. State*, 322 Ga. App. 446, 449

5

(1) (745 SE2d 699) (2013). Given the circumstances of this case, we conclude that it does.

A request for an out-of-time appeal typically is grounded on a claim that the right to a direct appeal was frustrated by errors committed by trial or appellate counsel. *Wetherington v. State*, 296 Ga. 451, 453 (1) (769 SE2d 53) (2015). However, the fact that the defendant represented himself before the trial court does not necessarily foreclose an out-of-time appeal. See generally *Whitfield v. State*, 313 Ga. App. 297, 299-301 (1) (721 SE2d 211) (2011). Despite prior appeals arising out of his prosecution, it does not appear that Redford has had a direct appeal from the judgment of conviction in this case.[2] Consequently, the trial court's ruling on Redford's motion for an out-of-time appeal would require a ruling on whether Redford's right to a direct appeal had previously been lost, and thus would involve a ruling on a matter at issue in the first appeal. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995) ("The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of the

---

[2] Redford's appeals in this Court include, *Redford v. State*, Case No. A20A0755 (December 5, 2019), *Redford v. Castlen*, Case No. A20A1252 (February 19, 2020), and *Redford v. State*, 335 Ga. App. 682 (782 SE2d 791) (2016).

6

judgment complained of, or within 30 days after the entry of the order finally disposing of a motion for new trial. The failure to file timely a notice of appeal subjects the appeals at bar to dismissal.") (citation, punctuation and emphasis omitted.)

Accordingly, the trial court's order is vacated, and given that remittitur has been returned to the trial court, jurisdiction now lies in that court and the case is remanded with direction for the trial court to conduct further proceedings consistent with this opinion. See *Chambers v. State*, 262 Ga. at 245 (1) ("upon subsequent filing of the remittitur in the office of the clerk of the superior court, the court would reacquire jurisdiction of the case").

*Judgment vacated and case remanded. Gobeil and Pipkin, JJ., concur*.