## S01A0559. MASON v. THE STATE.

(548 SE2d 298)

BENHAM, Chief Justice.

Appellant Reginald James Mason was convicted of murder after fatally shooting Jarret Emerson Dover.[1] The State presented evidence that the victim was shot five times with a Cobray semi-automatic 9mm pistol at his place of employment by appellant, a co-worker, who was angered by the victim's refusal to put into the wastebasket trash the victim had thrown at the wastebasket. After shooting the victim, appellant told witnesses not to tell what had happened, calmly left the workplace, and drove his pick-up truck to his home where he surrendered to police. The murder weapon was found in a search of appellant's home. The State also presented evidence of a prior similar transaction: in 1989, in a New York restaurant's parking lot, appellant used a shotgun to fire birdshot into the windows of a vehicle occupied by a couple with whom he had earlier had a dispute over seating in the restaurant. The occupants were injured by the glass and/or the birdshot, and appellant was convicted and served time in New York for the assaults.

1. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends he was denied his constitutional right to effective assistance of counsel because trial counsel failed to object to two portions of the assistant district attorney's closing argument that appellant believes were improper,[2] and because appellant believes

---

[1] The victim was shot on November 3, 1997, and appellant was charged in an indictment returned by the Gwinnett County grand jury on April 14, 1999. Appellant's trial commenced on November 29, 1999, and concluded on December 3 when the jury returned its guilty verdicts. Appellant's sentence of life imprisonment for murder and a consecutive 15-year sentence for the firearms violation were filed December 6. Appellant's motion for new trial, filed on December 30 and amended on August 14, 2000, was denied on August 28. Appellant timely filed a notice of appeal on September 6, 2000. The appeal was docketed in this Court on January 3, 2001, and submitted for decision on the briefs.

[2] The two portions of the ADA's closing argument with which appellant takes issue are one in which appellant believes the prosecutor made an improper comment on the veracity of a witness, and one in which appellant believes the ADA commented on appellant's future dangerousness. In the first instance, the ADA stated:

The issue here other than the fact that [appellant] killed [the victim], is credibility. Think about that. Credibility . . . Paul Stevens, Sr., on November 3 gave a statement. He told you a statement on the stand. It was the same statement. He, too, would have been ripped up had it been different. It wasn't, and he wasn't . . . Mr. Stevens, [appellant] was his business. I'm sure he's very sorry to see [appellant] go. And who would he pick to support? [The victim] who didn't come to work, wasn't dependable? Or the man that was always there and made him all this money and made his business? Logic. He's telling you the truth. He's telling you the honest truth.

trial counsel was not sufficiently prepared for trial, as was evidenced by the few number of visits trial counsel made to appellant while he was in custody. After a hearing on appellant's motion for new trial, the trial court found that the prosecutor had not made improper comments during closing argument and that trial counsel had "conducted a thorough defense." The trial court concluded that appellant had not carried his burden of proving ineffective assistance of counsel.

(a) The trial court's findings will be upheld unless they are clearly erroneous. *Johnson v. State*, 266 Ga. 380 (2) (467 SE2d 542) (1996). The testimony of trial counsel at the motion for new trial supports the trial court's finding that counsel was adequately prepared for trial. Trial counsel testified that he had been practicing criminal law for 15 years when appellant became his client, that he had filed 40-50 motions on appellant's behalf and successfully argued a motion in limine, and that most of his trial preparation had been done outside the presence of appellant.

(b) "It is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness; however, it is not improper for counsel to urge the jury to draw such a conclusion from the evidence. [Cit.]" *Metts v. State*, 270 Ga. 481 (4) (511 SE2d 508) (1999). The prosecutor's comments with which appellant takes issue are permissible since they are the conclusion the prosecutor wished the jury to draw from the evidence, and not a statement of the prosecutor's personal belief as to the veracity of a witness. Compare *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000) (" 'You look at what you heard from the officer, who I thought was very credible.' "); *Alexander v. State*, 263 Ga. 474 (2) (d) (435 SE2d 187) (1993) (" 'I thought he was extremely credible.' "). Trial counsel's failure to object to the closing argument did not constitute deficient performance.

(c) While a defendant's probable future behavior is relevant in the sentencing phase of a capital case, it is not relevant where, as here, the jury decides only the defendant's guilt or innocence. *Sterling v. State*, 267 Ga. 209 (2) (477 SE2d 807) (1996). The prosecutor's statement to the jury raising the specter of appellant's future dangerousness was improper (*Wyatt v. State*, 267 Ga. 860 (2) (b) (485 SE2d 470) (1997)), and trial counsel's failure to object constitutes deficient performance. *Nickerson v. State*, 248 Ga. App. 829 (545 SE2d 587) (2001). See also *Sabbs v. State*, 248 Ga. App. 114 (2) (545 SE2d 671) (2001). However, the deficient performance does not constitute inef-

---

In the second instance, the ADA stated:

He must be stopped. It's apparent that he's not going to do it unless you stop him. He did it in '89, spent four years in jail, by his own testimony. Four years later he's doing it again. He will not stop. He's in our community. Stop him before someone else in our community is Mr. Mason's victim. Please, please stop him.

fective assistance of counsel since appellant did not establish that the failure to object was so prejudicial to his defense that, but for the deficiency, there was a reasonable probability that the outcome of the trial would have been different. *Wallace v. State*, 272 Ga. 501 (3) (530 SE2d 721) (2000); *Nickerson v. State,* supra.

3. During the State's cross-examination of appellant's wife, the prosecutor impeached the witness by using as a prior inconsistent statement a written statement given by the witness in the investigation of the New York assaults. Appellant contends the "continuing witness" rule was violated when the trial court permitted the written statement to go out with the jury during its deliberations. The issue has not been preserved for appellate review since the record shows that no such objection was made when the statement was introduced into evidence or when it was included in the exhibits sent to the jury room. *Flournoy v. State*, 266 Ga. 618 (2) (469 SE2d 195) (1996).

4. Appellant asserts the trial court erred when it overruled appellant's objection to a police officer's hearsay testimony that was admitted to explain the officer's conduct in calling police in another jurisdiction to inform them of appellant's possible presence there and the danger he posed to authorities. Only "on rare occasions will the need to explain the conduct of an investigating officer justify the admission of hearsay evidence. [Cits.]" *Watkins v. State*, 273 Ga. 307, 309 (540 SE2d 199) (2001). "Otherwise, 'it is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer during the investigation. (Cits.)' [Cit.]" *White v. State*, 273 Ga. 787 (546 SE2d 514) (2001). " 'Prosecutors and trial judges would be well advised to walk wide of error in the proffer and admission of (such) evidence.' [Cit.]" *McKenzie v. State*, 271 Ga. 47 (2) (518 SE2d 404) (1999); *Teague v. State*, 252 Ga. 534 (3) (314 SE2d 910) (1984). Since the officer's conduct was not an issue in the case at bar, the hearsay objection should have been sustained. However, as it is highly probable that the erroneously-admitted hearsay did not contribute to the verdict (id.), the error was harmless. Compare *Render v. State*, 267 Ga. 848 (2) (483 SE2d 570) (1997); *Arnold v. State*, 228 Ga. App. 137 (491 SE2d 205) (1997).

5. Lastly, appellant contends that the trial court's admission into evidence of photographs of the custom-painted hood of his pick-up truck was error because the photos were irrelevant. " '[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]" *Jones v. State*, 270 Ga. 25 (8) (505 SE2d 749) (1998). In the absence of a showing that the trial court clearly abused its discretion in admitting the photos, we will not disturb the eviden-

82

tiary ruling on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Anna Blitz,* for appellant.

*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.