S04A1528. HUNT v. THE STATE.
(608 SE2d 616)

FLETCHER, Chief Justice.

A jury convicted Calvin Hunt of malice murder in the shooting death of David Miller.[1] Hunt appeals and raises several issues, none of which are meritorious. Accordingly, we affirm.

The evidence at trial showed that the victim was involved in a relationship with Pat Maben, who had formerly dated Rolando Jones. In mid July 1997, the victim and Jones had two altercations over

---

[1] The crimes occurred July 18, 1997. On July 14, 1998 a Fulton County grand jury indicted Hunt on charges of malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Hunt was initially tried in August 1999, and that trial ended in mistrial after the jury was unable to reach a verdict. Hunt's second trial resulted in convictions but later, the trial court granted Hunt's motion for new trial based on ineffective assistance of counsel. The present appeal stems from a trial conducted May 1 through May 9, 2002 on the charges of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. The jury convicted Hunt on all four counts. The trial court sentenced Hunt to life imprisonment for malice murder and a consecutive five-year term for possession of a firearm. The trial court granted Hunt's motion to file an out-of-time motion for new trial. Following a hearing, the trial court denied the motion for new trial on January 23, 2004. Hunt filed a notice of appeal on February 18, 2004, the case was docketed in this Court on May 14, 2004, and submitted for decision without oral argument on July 5, 2004.

Maben. Several days later, Keith Dillingham,[2] Jones, and the appellant, Hunt, drove to the home of the victim's sister. The victim was sitting on the front porch with his sister. Dillingham and Hunt got out of the car, while Jones remained in the car. Dillingham walked onto the porch and began threatening the victim if he did not leave Jones alone. Hunt, meanwhile, had walked up to the front porch and spoken to the victim's sister, whom he had known for many years. Then Hunt suddenly pulled a gun and shot the victim, killing him.

At trial, the victim's sister identified Hunt as the man who shot her brother, and the State introduced evidence of a photo lineup in which the sister had also identified Hunt as the shooter. The State also presented two witnesses who had spoken with Jones and Dillingham immediately prior to the shooting and who identified Hunt as the man who was with Jones and Dillingham at the time. Hunt was convicted and sentenced for malice murder and possession of a firearm during the commission of a felony.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Hunt guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. Hunt contends that the trial court erred in denying his motion to exclude two witnesses from making an in-court identification. Hunt relies on *Neil v. Biggers*,[4] which addressed the admissibility of out-of-court identifications.[5] This Court has held, however, that *Neil* is irrelevant to the admissibility of in-court identifications.[6] Challenges to in-court identifications must be made through cross-examination.[7] Therefore, the trial court did not err in denying the motion.

3. Hunt contends that the State committed prosecutorial misconduct by stating in closing argument that "we contend that those two individuals were honest and forthright in their identification here today and on two previous occasions." Defense counsel failed to object to this argument, and, therefore, the issue is not preserved for appeal.[8]

---

[2] This Court affirmed Dillingham's conviction for murder arising out of this incident. *Dillingham v. State*, 275 Ga. 665 (571 SE2d 777) (2002).

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[4] 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

[5] 409 U. S. at 198.

[6] *Ivey v. State*, 277 Ga. 875, 877 (596 SE2d 612) (2004); *Ralston v. State*, 251 Ga. 682, 683 (309 SE2d 135) (1983).

[7] *Ivey*, 277 Ga. at 877.

[8] *Mullins v. Thompson*, 274 Ga. 366, 367 (553 SE2d 154) (2001).

4. Hunt also contends that his trial counsel was ineffective. To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[9] We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[10]

(a) Hunt contends first that trial counsel was ineffective in failing to object to the State's eliciting testimony from the two witnesses who identified Hunt as being with Jones and Dillingham just prior to the shooting that they had identified Hunt during the prior trials. At the motion for new trial hearing, trial counsel testified that he made a mistake and should have objected.

Generally, evidence that a witness has previously identified the defendant is admissible even if the witness's credibility has not been called into question.[11] However, the basis of this rule relies in large part upon the constitutional safeguards imposed on out-of-court identifications and the recognition that out-of-court identifications have more probative value than those made in court.[12] Here, the prior identifications were made in court during trials, and therefore, the rule regarding admissibility of out-of-court identifications does not apply. Nor is the rule regarding the admissibility of former testimony found in OCGA § 24-3-10 applicable, because the witnesses were not inaccessible.

Accordingly, we examine this issue under the rule for prior consistent statements. "A witness's prior consistent statement is admissible only where: (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination."[13] A challenge to a witness's veracity that will authorize the admission of a prior consistent statement occurs if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination. At the time the State elicited testimony regarding the witnesses' identifications at the prior trials, the witnesses' veracity had not been challenged. Therefore, the questions were objectionable.

Even if we assume, however, that counsel's failure to object fell outside the wide range of professionally competent assistance,[14] Hunt must also establish that but for the failure to object there is a

---

[9] *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[10] *Suggs v. State,* 272 Ga. 85, 88 (526 SE2d 347) (2000).

[11] *In the Interest of L. J. P.,* 277 Ga. 135, 136 (587 SE2d 15) (2003).

[12] Id. at 137.

[13] *Tuff v. State,* 278 Ga. 91, 94 (597 SE2d 328) (2004).

[14] *Strickland,* 466 U. S. at 690.

reasonable probability that the result of the proceeding would have been different.[15] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[16] In light of the other evidence against Hunt, we conclude that Hunt has not met this burden.[17]

(b) Hunt also contends trial counsel was ineffective in failing to object to the statement by the prosecutor in closing argument that the two witnesses were "honest in their testimony." The record reveals that the prosecutor did not improperly vouch for the credibility of the witnesses.[18] Rather the record shows that the State argued that, based on the evidence, the witnesses were credible. Because the State may argue the inferences it wishes the jury to draw from the record, the statement was not improper and trial counsel was not deficient in failing to object.[19]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

---

[15] *Strickland*, 466 U. S. at 694.
[16] Id.
[17] *Wright v. State*, 267 Ga. 496, 497 (480 SE2d 13) (1997).
[18] See *Mason v. State*, 274 Ga. 79, 80 (548 SE2d 298) (2001).
[19] Id.
[1] The crime occurred May 1, 1999. A grand jury indicted Morgan on May 21, 1999 for malice and felony murder. Following a jury trial, Morgan was found guilty on both counts on January 26, 2000. The trial court sentenced Morgan to life imprisonment for malice murder and the felony murder count was vacated by operation of law. Morgan filed a motion for out-of-time appeal on September 23, 2003, which the trial court granted. Morgan then filed a motion for new trial, which the trial court denied on May 6, 2004, following a hearing. Morgan filed his notice of appeal on May 25, 2004, the case was docketed in this Court on June 23, 2004, and submitted for decision on the briefs on August 16, 2004.