A06A0729. MOODY v. THE STATE.
(631 SE2d 473)

PHIPPS, Judge.

An indictment was returned in the Superior Court of Heard County charging Vance Moody with two counts of child molestation and one count of aggravated sexual battery upon his cousin, D. M. At trial, the jury found Moody guilty on all counts. Following the denial of his motion for new trial, he appeals his convictions. He challenges the sufficiency of the evidence to prove beyond a reasonable doubt that venue was properly laid in Heard County. We find the evidence sufficient and affirm.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.[1]

At the July 2000 trial of this case, D. M.'s mother testified on direct examination that for about three years she had lived with her husband, her daughter D. M., and her two other daughters on Dogwood Road, in Franklin, Heard County, Georgia. During the

---

[1] *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000) (punctuation and footnotes omitted).

latter part of April 1997, her husband's nephew Moody had come to live with them to work in her husband's business. After about a month, she and her husband asked Moody to leave because they found his behavior toward their daughters inappropriate. Over a year later, D. M. and her mother were talking about boys when D. M. confided that while Moody was living in their home, he had molested her. Specifically, D. M. testified that on various occasions Moody had put his hands on her breast, placed her hands on his penis, and inserted his finger into her vagina. She did not tell her parents because he had threatened to blame her for what had happened if she told anyone. After D. M. alerted her mother to what had occurred, the authorities were notified, and an investigation was conducted by the Heard County sheriff's office. During cross-examination, defense counsel asked D. M.'s mother the ages of her daughters in 1997. He then asked how many bedrooms she had in her house. She responded, "We had a different trailer than we have now, but we had four bedrooms at the time."

Moody argues that the evidence is insufficient to show that the offenses occurred in Heard County, because there was no evidence as to where D. M.'s family resided when he was living with them. Alternatively, he argues that there is at most slight evidence to support the jury's finding of venue in Heard County.

As pointed out by Moody, in *Jones v. State*,[2]

> the Court disapproved the "slight evidence" exception to the rule requiring venue to be proved beyond a reasonable doubt. Under the exception, slight evidence was sufficient to prove venue when the evidence of venue was not conflicting and when no challenge to venue was raised at trial. The Court in *Jones* disapproved this exception, on the ground that venue is challenged whenever a criminal defendant pleads not guilty and is put on trial.[3]

*Jones*, however, continued to recognize that "[t]he State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence."[4] Moreover,

> [w]e view the evidence in the light most favorable to support the verdict. And as long as there is some competent evidence on each element necessary to prove the state's case, the

---

[2] Id.

[3] *King v. State*, 271 Ga. App. 384, 385-386 (1) (609 SE2d 725) (2005) (punctuation and footnote omitted).

[4] 272 Ga. at 902-903 (2).

jury's verdict will be upheld. As thus recognized in *Green v. State*,[5] "since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it."[6]

Viewing the testimony given by D. M.'s mother on both direct and cross-examination in a light most favorable to support the verdict, the jury was authorized to interpret it to mean that D. M.'s family had been residing on Dogwood Road in Franklin, Heard County, Georgia, when Moody was living with them, although in a different trailer than the one in which they were residing at the time of trial. There is thus some evidence from which a rational juror could find that the offenses were committed in Heard County. Whether the evidence as to venue satisfied the reasonable-doubt standard was a question for the jury.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MAY 17, 2006.

*Steven E. Fanning*, for appellant.

*Peter J. Skandalakis, District Attorney, Sarahlouise S. Japour, Vincent J. Faucette, Assistant District Attorneys*, for appellee.

---

[5] 254 Ga. App. 549 (562 SE2d 835) (2002).
[6] *King v. State*, supra at 385 (1) (footnotes omitted), citing *Green v. State*, supra.