## A08A0250. BOYD v. THE STATE.
(656 SE2d 864)

BLACKBURN, Presiding Judge.

Following a jury trial, James Edward Boyd appeals his conviction on two counts of aggravated assault[1] and on one count of false imprisonment,[2] arguing that (i) the evidence was insufficient as to venue and as to one of the aggravated assault counts, (ii) the two aggravated assault counts should have merged, (iii) the court failed to instruct the jury on hands as deadly weapons, (iv) the prosecutor improperly expressed a personal belief in a witness's veracity during closing argument, and (v) Boyd received ineffective assistance of counsel. Discerning no error, we affirm.

1. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the evidence shows that Boyd lived with a woman whose 16-year-old daughter also lived at the residence. At 6:30 a.m. one morning after the mother had left for work, Boyd entered the daughter's bedroom and, placing his hand on the daughter's mouth while she lay in bed, forced her to turn over onto her back. He forcibly removed her clothes and threatened her that he would "pop her neck" if she did not open her legs. He then tried to insert his private into her private but was unsuccessful. Frustrated, he slapped her face twice and tried again, but to no avail. He took her to the hallway, demanded that she keep her legs open, and then returned her to the bedroom, where he once again unsuccessfully tried to penetrate her.

Boyd took her to the kitchen, where he allowed her to prepare some food. When she tried to leave via the back door, he grabbed her and forced her back to the bedroom. After remonstrating with her for trying to escape, he heard the child's grandmother knocking at the front door around noon. He placed his hands around the daughter's neck and began strangling her to prevent her from crying out. She eventually passed out from the strangling and woke up on the bed. Boyd once again tried to force intercourse on her, but was unsuccessful.

---

[1] OCGA § 16-5-21 (a).
[2] OCGA § 16-5-41 (a).
[3] *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[4] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

When the mother returned home from work around 3:00 p.m., Boyd left, and the daughter immediately told the mother of the attack. They went to the grandmother's nearby residence and called police. Taken to a hospital, the daughter exhibited (i) signs of strangulation in that her eyes showed burst blood vessels or petechia and her neck showed hand prints as well as severe bruising and scratches, (ii) injuries from the slapping in that her face was swollen and red, and (iii) signs of sexual assault in that her hymen was bruised and there were abrasions near her vagina.

Indicted for rape, kidnapping with bodily injury, and two counts of aggravated assault, Boyd pled not guilty, arguing at trial that the mother must have inflicted the injuries after she arrived home. The jury acquitted him of the rape charge but found him guilty on the two aggravated assault charges and on a lesser charge of false imprisonment. Asserting ineffective assistance of counsel, Boyd moved for a new trial, which after a hearing was denied. On appeal, he challenges the sufficiency of the evidence on the aggravated-assault-with-intent-to-rape charge and on venue as to all crimes. We address only those challenges raised.

(a) *The evidence sufficed as to the charge for the aggravated assault with intent to rape.* OCGA § 16-5-21 (a) (1) provides that a person commits the offense of aggravated assault when he assaults with intent to rape. OCGA § 16-5-20 (a) (1) defines assault as attempting to commit a violent injury to the person of another. Count 2 alleged that Boyd committed aggravated assault with intent to rape in that he assaulted the daughter with the intent to rape her when he slapped her across the face with his hands. The evidence supported this accusation, showing that shortly after 6:30 a.m., Boyd threatened and slapped the daughter on the face as he repeatedly attempted to penetrate her. Boyd's argument on appeal that the slapping of the daughter's face did not constitute an assault is simply wrong. See *Goodwin v. State*[5] (slapping of victim's face provided the assault necessary to sustain an aggravated assault with intent to rape conviction).

(b) *The evidence sufficed as to venue.* In all criminal cases, venue is a jurisdictional fact that is an essential element in proving one is guilty of the crime charged and must therefore be proven beyond a reasonable doubt. *Jones v. State*.[6] This is a question for the jury, whose decision will not be set aside if there is any evidence to support it. *Moody v. State*.[7] Here, the mother testified that her residence,

---

[5] *Goodwin v. State*, 208 Ga. App. 707, 709 (2) (431 SE2d 473) (1993).

[6] *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000).

[7] *Moody v. State*, 279 Ga. App. 457, 459 (631 SE2d 473) (2006).

which is where the daughter testified the crimes took place, was in Peach County. Although Boyd points to evidence that was confusing as to the exact street address, such did not conflict with the mother's testimony as to the residence being in Peach County; even if there were such a conflict, this was a matter for the jury to resolve. As some evidence showed the crimes took place in Peach County, the evidence sufficed as to venue. See *Green v. State.*[8]

2. Boyd contends that the court should have merged the two aggravated assault convictions on the ground that they were all part of Boyd's day-long scheme of attempting to rape the daughter.[9] This contention fails.

As set forth above, Count 2 alleged that Boyd committed aggravated assault with intent to rape in that he assaulted the daughter with the intent to rape her when he slapped her across the face with his hands. Count 3 alleged that Boyd committed aggravated assault in that he assaulted the daughter when he choked and strangled her with his hands, which were objects that when used offensively against a person were likely to or actually did result in serious bodily injury. The evidence supported these allegations, showing (i) with regard to Count 2 that shortly after 6:30 a.m., Boyd threatened and slapped the daughter on the face as he repeatedly attempted to penetrate her, and (ii) with regard to Count 3 that around noon, Boyd strangled and choked the daughter to prevent her from crying out to the grandmother who was knocking at the door. Evidence of two distinct aggravated assaults separated by time and motive supports a conviction on each assault and does not require merger. See *Brown v. State.*[10] See also *Taylor v. State;*[11] *Brooks v. State.*[12]

3. Boyd claims that the trial court erred in failing to instruct the jury that fists may be considered deadly weapons only under certain circumstances. Specifically, he cites *Brown v. State*[13] for the proposition that "[a] determination that fists are 'deadly weapons' requires an instruction to the jury that fists may be considered as such through an analysis of 'their use, wounds inflicted, and other surrounding circumstances.' " Because Boyd has asserted ineffective assistance of counsel in his counsel's failure to request such an instruction, we do not address the issue of waiver but go directly to the merits.

---

[8] *Green v. State*, 254 Ga. App. 549, 550 (562 SE2d 835) (2002).

[9] Boyd's failure to raise this matter at sentencing did not waive this matter for appeal. See *Curtis v. State*, 275 Ga. 576, 577-578 (1) (571 SE2d 376) (2002).

[10] *Brown v. State*, 242 Ga. App. 858, 866-867 (7) (531 SE2d 409) (2000).

[11] *Taylor v. State*, 202 Ga. App. 671, 672-673 (415 SE2d 483) (1992).

[12] *Brooks v. State*, 199 Ga. App. 525, 526-527 (3) (405 SE2d 343) (1991).

[13] *Brown v. State*, 232 Ga. App. 787, 789 (1) (b) (504 SE2d 452) (1998).

Such an instruction was simply inapplicable to the case at bar. OCGA § 16-5-21 (a) (2) provides for two distinct methods of showing aggravated assault: a person assaults (i) with a deadly weapon *or* (ii) with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. Here, the State in Count 3 alleged the latter method when it asserted that Boyd assaulted the daughter "with his hands by choking and strangling her, said hands being objects, devices and instruments which when used offensively against a person [are] likely to or actually [do] result in serious bodily injury." With regard to this count, the court instructed the jury that "[a] person commits the offense of aggravated assault when that person assaults another person with any object which when used offensively against a person is likely to or actually does result in serious bodily injury." There was no need to instruct the jury on hands as deadly weapons, as that method of aggravated assault was not alleged nor pursued by the State. Cf. *Crider v. State*[14] ("[a]n indictment charging that defendant's fists were likely to result in serious bodily injury was sufficient, and no reference to deadly weapons was required").

4. Boyd argues that the prosecutor improperly expressed his personal belief in the veracity of the victim when he stated in closing argument that (i) he himself had children, who (he could determine) were telling the truth or not, (ii) the jury similarly could determine credibility based on the manner of testifying, (iii) the victim testified in a truthful way in that she was very quiet, soft-spoken, frightened, and embarrassed, and (iv) therefore the victim was telling the truth. Once again, because Boyd has claimed his counsel was ineffective in that he failed to object to these statements, we do not address waiver. Cf. *LaCount v. State*[15] (failure to raise vouching objection during closing argument waives same).

The prosecutor's comments here did not constitute improper vouching. As stated in *Mason v. State*,[16] "[i]t is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness; however, it is not improper for counsel to urge the jury to draw such a conclusion from the evidence." (Punctuation omitted.) Here, as in *Mason*, the "prosecutor's comments with which appellant takes issue are permissible since they are the conclusion the prosecutor wished the jury to draw from the evidence, and not a statement of the prosecutor's personal belief as to the veracity of a witness." Id.

---

[14] *Crider v. State*, 246 Ga. App. 765, 768-769 (3) (542 SE2d 163) (2000).

[15] *LaCount v. State*, 265 Ga. App. 352, 357 (5) (593 SE2d 885) (2004).

[16] *Mason v. State*, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001).

Compare *Bolden v. State*[17] (" 'You look at what you heard from the officer, who I thought was very credible.' "); *Alexander v. State*[18] (" 'I thought he was extremely credible.' "). Thus, an objection from Boyd's counsel would have been meritless. See *Hunt v. State;*[19] *Moore v. State.*[20]

5. Boyd claims that the trial court erred in finding he did not carry his burden of showing ineffective assistance and in therefore denying his motion for new trial. We disagree.

To establish ineffective assistance of counsel, a defendant must carry the heavy burden of showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced thereby. *Bly v. State.*[21] Here, Boyd cannot establish even the first prong. He asserts that his counsel failed (i) to request that the two aggravated assault charges be merged, (ii) to request a charge on the use of hands as deadly weapons, (iii) to object to the State's failure to prove venue, and (iv) to object to the prosecutor's expression of a personal belief in the victim's veracity. As set forth above, each of these requests or objections would have been meritless. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Punctuation omitted.) *Moore*, supra, 278 Ga. at 401 (2) (e). Accordingly, the trial court did not err in finding that Boyd failed to carry his burden of showing ineffective assistance and in denying Boyd's motion for new trial on this basis.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 16, 2008 —
RECONSIDERATION DENIED JANUARY 28, 2008 ▮

*Bernadette C. Crucilla*, for appellant.

*Howard Z. Simms, District Attorney, Thomas C. Woody II, Assistant District Attorney*, for appellee.

---

[17] *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000).

[18] *Alexander v. State*, 263 Ga. 474, 477 (2) (d), n. 8 (435 SE2d 187) (1993).

[19] *Hunt v. State*, 279 Ga. 3, 6 (4) (b) (608 SE2d 616) (2005).

[20] *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004).

[21] *Bly v. State*, 286 Ga. App. 43, 46 (4) (648 SE2d 446) (2007).