## S08A1098. WRIGHT v. THE STATE.
### (667 SE2d 611)

MELTON, Justice.

Following a jury trial, Pablo Wright was found guilty of malice murder, felony murder, and several other offenses in connection with the shooting death of Willie Howell.[1] On appeal, Wright contends that the evidence was insufficient to sustain his convictions and that the trial court erred in allowing the prosecutor to make an improper closing argument. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on August 13, 2003, Howell was visiting friends on Browns Mill Road. When Wright saw Howell walking in his direction, he went into his home to retrieve a firearm and stood in his yard. The two men exchanged words, and when Howell put his hands behind his back, Wright pulled out his firearm and fired it at Howell. A number of witnesses heard multiple gunshots and witnessed part of the shooting or its aftermath. Many of these witnesses knew both Wright and Howell and identified Wright as the shooter. Some of these witnesses saw Howell walking down the street with Wright following him, and saw Wright shoot Howell multiple times before Howell fell to the ground. One witness also stated that, after Howell fell to the ground, Wright shot him several more times. None of these witnesses saw Howell with any weapons or acting aggressively toward Wright.

The evidence was sufficient to enable a rational trier of fact to find Wright guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wright argues that the trial court erred in allowing the prosecutor, over defense counsel's objection, to state during closing

---

[1] On February 11, 2005, Wright was indicted for malice murder, two counts of felony murder (with aggravated assault and possession of a firearm by a convicted felon as each of the underlying felonies), one count of aggravated assault, one count of possession of a firearm by a convicted felon, one count of possession of a firearm during the commission of a felony, and one count of possession of marijuana. Following a jury trial on July 11-14, 2005, Wright was found guilty on all of the charges except for possession of marijuana. The possession of a firearm by a convicted felon count was handled in a bifurcated bench trial that took place at the same time as the jury trial. On July 15, 2005, Wright was sentenced to life imprisonment for malice murder and five years for possession of a firearm during the commission of a felony, to be served consecutively. The trial court merged the possession of a firearm by a convicted felon count and the aggravated assault count with the felony murder counts, and the felony murder convictions were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Wright's motion for new trial was filed on June 23, 2006, and denied on January 18, 2008. Wright's appeal was docketed in this Court on March 14, 2008, and submitted for decision on the briefs.

argument that Wright was using "crocodile tears" in order to garner sympathy from the jury and avoid responsibility for his actions.

We find no merit to Wright's contention that the prosecutor's comments were inappropriate. While "[i]t is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness . . . it is not improper for counsel to urge the jury to draw such a conclusion from the evidence." (Citation and punctuation omitted.) *Mason v. State*, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001). Here, the prosecutor referred to Wright's "crocodile tears" and the personal reaction that they could invoke in relation to the evidence that she wished for the jury to consider in their efforts to reach a verdict driven by the evidence rather than the emotion that Wright exhibited on the witness stand. Accordingly, the record reveals that "[t]he prosecutor's comments with which [Wright] takes issue [were] permissible since they [were] the conclusion the prosecutor wished the jury to draw from the evidence, and not a statement of the prosecutor's personal belief as to the veracity of a witness." (Citations omitted.) Id. We find no abuse of discretion in the trial court's decision to allow the prosecutor's closing argument here. See, e.g., *Banks v. State*, 281 Ga. 678, 683 (5) (642 SE2d 679) (2007); *Adams v. State*, 283 Ga. 298, 302 (3) (e) (658 SE2d 627) (2008) ("Closing arguments are judged in the context in which they are made.") (citation omitted).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, David K. Getachew-Smith, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.