## A08A2152. CASEY v. THE STATE.

(673 SE2d 327)

DOYLE, Judge.

A Lowndes County jury found Clarence Casey guilty of selling cocaine in violation of the Georgia Controlled Substances Act.[1] Casey appeals, challenging the sufficiency of the evidence with regard to the conviction. For the following reasons, we affirm.

When reviewing an appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[2] "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt."[3]

So viewed, the evidence adduced at trial shows that a correctional officer assisting in undercover drug buys identified Casey as the individual from whom he had purchased $20 worth of cocaine on October 13, 2005. The officer was wired for sound and video during the transaction, and he was searched prior to and after conducting the transaction by other officers overseeing the investigation. The officer did not have any money during the transaction besides the $20 given to him by the supervising officers, and he returned from the transaction with the cocaine and without the money. The officer initially testified that Casey retrieved the cocaine from his "right pocket" and then agreed with the prosecutor, who asked whether that meant "his front pocket." However, upon watching the video of the transaction, the officer clarified that Casey retrieved the cocaine from "the cargo [pocket] on the front right."

A supervising officer listened to the audio of the transaction in real time and watched as the officer's car pulled away from Casey.

---

[1] OCGA § 16-13-30 (b). At the close of the State's case, the trial court granted Casey's motion for a directed verdict on a single count of distribution of narcotics within 1,000 feet of a housing project.

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Boyd v. State*, 289 Ga. App. 342 (1) (656 SE2d 864) (2008). See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Additionally, the jury viewed the video of the transaction. Finally, an evidence technician and Georgia Bureau of Investigation crime lab scientist testified that the substance entered into evidence tested positive for the presence of cocaine.

OCGA § 16-13-30 (b) provides that "[e]xcept as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance," including, as enumerated in OCGA § 16-13-26 (1) (D), cocaine or a derivative thereof.

The evidence from trial was sufficient for a rational trier of fact to find Casey guilty beyond a reasonable doubt of selling cocaine on October 13, 2006.[4] Nevertheless, Casey argues that the evidence was not sufficient because there was no testimony that the drug money was recovered from Casey and because the video of the transaction does not show the alleged handoff. He also argues that the agents did not conduct a field test of the substance, no fingerprints were recovered from the bag that contained the cocaine, and the correctional officer gave conflicting testimony regarding the pocket from which Casey allegedly took the cocaine.

We disagree with Casey's conclusion because the testimony of the correctional officer and the supervising officers regarding the events of the day and the chain of custody of the cocaine after the transaction authorized the jury to conclude that Casey sold the officer cocaine in violation of OCGA § 16-13-30 (b).[5] Additionally, the officer's credibility, the weight to be given to his testimony, and the determination of whether his testimony was consistent, is "the sole province of the jury."[6] Accordingly, we discern no basis for reversal of the conviction.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2009.

*Jason C. Cain*, for appellant.
*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.

---

[4] *Jackson*, 443 U. S. at 319.

[5] OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); see, e.g., *Sutton v. State*, 261 Ga. App. 860, 862 (1) (583 SE2d 897) (2003).

[6] (Punctuation omitted.) *Sutton*, 261 Ga. App. at 862 (1).