# Court of Appeals
# of the State of Georgia

ATLANTA,  November 06, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0207.  JAMES EDWARD BOYD v. THE STATE.**

James Edward Boyd was convicted of several offenses including aggravated assault with intent to rape, and we affirmed his convictions on appeal.  See Boyd v. State, 289 Ga. App. 342, 656 SE2d 864 (1998).  Boyd subsequently filed a pro se motion to vacate his allegedly void sentence, which the trial court denied.  Boyd then filed this appeal.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217, n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Boyd did not argue that his sentence fell outside the permissible statutory range; rather, he contended that his indictment was flawed. This is not a valid void-sentence claim. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008). Because Boyd has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction. See *Roberts*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____11/06/2015_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, Clerk.